FRANCIS S. GREEN, DEFENDANT IN ERROR, v. THE TOWN OF IRVINGTON, PLAINTIFF IN ERROR.

Argued March 4, 1909—Decided June 14, 1909.

Section sixty-three of the Town act of 1895 (*Gen. Stat., p.* 3539), providing that an owner of real property, who shall have presented written objections to an award for such property taken at the time designated in the notice of the time fixed by the town council

for hearing objections to the confirmation of the report, may, if he is dissatisfied with the council's determination, commence an action on contract against the town, was complied with where an owner first submitted his objections at an adjourned meeting for hearing objections, and the owner was not required to present them at the original meeting.

---

On error to the Supreme Court, whose opinion is reported in 47 *Vroom* 5.

For the plaintiff in error, *Riker & Riker*.

For the defendant in error, *Herbert Boggs*.

The opinion of the court was delivered by

TRENCHARD, J.   This is a suit to recover the value of a strip of land along the front of plaintiff's lot, condemned by the defendant, the town of Irvington, for the widening of Stuyvesant avenue, and the damage done to the remainder of the lot by the taking.

The action was brought by the plaintiff below under the provisions of the sixty-third section of the Town act of 1895 (*Gen. Stat., p.* 3539), which provides that whenever any person who shall have presented objections to an award as provided in section 61 of the act shall be dissatisfied with the determination of the council, he may bring an action on contract against the town, in the Supreme or Circuit Court, for the value of the land taken and the damage done by the taking.

Section 61 of the act provides the method of laying out streets and of awarding damages to landowners.   The commissioners of assessment appraise the value of each piece of land taken and the damage done to the owners by the taking and make a report of such estimate and appraisal to the town council, and notice is given by advertisement of the time and place, when and where the council will meet to hear and consider any objections to the award which may be presented in writing, and all objections at such time and place presented in writing the council shall consider and adjudicate upon, and the awards made in said report may be corrected accordingly.

The undisputed proofs taken at the trial showed that the town council of Irvington fixed June 6th, 1905, as the time to hear objections to awards. At that time the hearing was adjourned to June 13th, 1905, then to June 20th, and then to June 27th, 1905. On June 27th, 1905, the plaintiff appeared before the council and presented written objections to the confirmation of the award to him, and at that meeting the award to him was confirmed, notwithstanding his objections. He thereupon brought this suit.

At the trial the jury found a verdict in favor of the plaintiff, and the Supreme Court affirmed the judgment entered thereon.

This writ of error brings up for review the judgment of the Supreme Court.

The contention of the defendant at the trial and in the Supreme Court was, and here is, that the plaintiff did not comply with the requirements of the sixty-first section of the statute, in that he did not present his objections in writing at the time fixed for the hearing and specified in the notice, to wit, June 6th, 1905, and therefore cannot maintain an action under section 63 of the act.

We think there is no merit in that contention.

The meeting of June 27th, 1905, at which the plaintiff's written objections were presented, was an adjourned meeting of the meeting fixed for June 6th, 1905.

An adjourned meeting is not a new meeting, but a mere continuance of an original meeting. *State* v. *Jersey City,* 1 *Dutcher* 309, 312; *Staats* v. *Borough of Washington,* 15 *Vroom* 605, 611.

Any business which might have been transacted at the original meeting, may be transacted at the time to which the meeting is adjourned. *Dill. Mun. Corp.* (*4th ed.*), § 287; *Staats* v. *Borough of Washington. supra; Stiles* v. *Lambertville,* 44 *Vroom* 90, 92.

But the plaintiff in error contends that the meeting of June 6th was not a "meeting" in the legal sense, and that the meeting of June 27th was not an "adjourned meeting;" that the

statute does not use the word "meeting," but merely provides a definite time and place at which objections shall be filed.

The statute, however, does use the word "meeting" in connection with the action of the town council. The language is: "Thereupon the said clerk shall cause a notice of the filing of said map and report to be printed in the official newspaper of the town, or, if there be none, in a newspaper published in the county and circulating in the town, for the period of two weeks, which notice shall contain a general description of the improvement intended, of the land to be taken, and of the land to be assessed therefor, and shall state the time and place, when and where the council will *meet* to hear and consider any objections to said report or to the improvement, which may be presented in writing." *Gen. Stat., p.* 3538.

The council are to meet to hear and consider objections which may be presented in writing.

The council did meet on June 6th, 1905, for this purpose, and adjourned the meeting for that purpose from time to time to June 27th, 1905. The meeting of June 27th, 1905, was then clearly a continuance of the original meeting of June 6th, 1905, fixed for the purpose of doing the very business done at this adjourned meeting.

As was said by the Supreme Court, the very purpose of continuing a meeting, such as that of June 6th, is to afford time to all parties who desire to object to the confirmation of the award to submit their objections and be heard thereon; a single sitting of council being usually insufficient for that purpose.

The statute nowhere says that the objections must be *filed* at a particular time, but merely that the council shall meet to hear and consider objections presented.

For these reasons, we think, as the Supreme Court thought, that the presentation by the plaintiff of his objections was made in strict compliance with the statute.

This view renders unnecessary the consideration of the question whether the acceptance by the town council of plaintiff's objections, and action thereon, might be regarded as a waiver by the town of its right to insist upon a strict observance by

the objector of the statutory condition. We, therefore, have not considered that question.

All other assignments of error argued are sufficiently disposed of in the opinion of Chief Justice Gummere in the Supreme Court, reported in 47 *Vroom* 5.

The judgment of the Supreme Court should be affirmed.

*For affirmance*—The Chancellor, Garrison, Swayze, Reed, Trenchard, Parker, Voorhees, Minturn, Bogert, Vredenburgh, Vroom, Gray, Dill, JJ. 13.

*For reversal*—None.