## Dockett *v.* Old Forge Borough, Appellant.

*Boroughs—Ordinances—Regular meetings—Adjourned meeting —Veto.*

1. Where a borough ordinance is passed at a regular meeting, and this meeting is adjourned to a date prior to the next regular meeting, the burgess in vetoing the ordinance may disregard the adjourned meeting, and return the ordinance with his objections to the next regular meeting, and in so doing he complies with the third section of the Act of May 23, 1893, P. L. 113, which provides that every ordinance passed by council shall be presented to the chief burgess for his approval or disapproval, and if he shall not approve of the ordinance "he shall return it with his objections to said council at the next regular meeting thereof."

2. An adjourned meeting of a regular meeting is nothing more than a continuance of the regular meeting, and is not a new and independent meeting.

*Boroughs — Contracts — Strikes — Unlawful appropriation of money.*

3. A borough has no power to appropriate money in addition to the contract price to pay an increase of wages to the striking workmen of a borough contractor engaged in the building of a sewer. If the contractor cannot go on with his work by reason of the strike, the borough may re-let the work to someone else, and then proceed on the bond, to recover the loss, if any.

Argued Feb. 26, 1913. Appeal, No. 26, Jan. T., 1913, by defendants, from decree of C. P. Lackawanna Co., Jan. T., 1913, No. 5, on bill in equity in case of Walter Dockett and Joseph Wakelin v. Old Forge Borough, et al. Before Brown, Mestrezat, Potter, Elkin and Stewart, JJ. Affirmed.

Bill in equity for an injunction.

Edwards, P. J., filed the following opinion:

At the hearing of the rule to continue a preliminary injunction the parties agreed that a hearing be final, the case being at issue by answer and replication.

From the evidence and the pleadings we find the following facts:

1. The council of the Borough of Old Forge entered into a contract with Mathias Stipp for the completion of a sewer, which had been partly built by another firm. The price to be paid Stipp under his contract was $35,000, which was to cover material, labor and all other expenses incident to the construction of the sewer. The contract is in the usual form of such contracts and provides, inter alia, that Stipp shall give a corporate surety bond in the sum of $18,000, "conditioned for the faithful performance of the work according to contract......and for the payment of all claims......for work and labor," &c. The contract and bond are in evidence. After the execution of these papers, Stipp proceeded with the work of building the sewer.

2. About July or August, 1912, or during both months, the laborers working on the sewer, together

with other laborers doing other construction work, struck for higher wages. The strike lasted some time; but it was finally adjusted by an agreement to pay the laborers two dollars per day, instead of $1.50, the former rate. Stipp then told the borough council that he would not be able to complete the contract, because of the advance of fifty cents per day in the wages of the laborers.

3. The council thereupon passed the ordinance of October 14, 1912, pledging the borough to the payment of one-half the advance, viz, twenty-five cents per day for each laborer. The ordinance reads as follows:

"Section 1. Be it ordained by the council of the Borough of Old Forge, Lackawanna County, Pennsylvania, and it is hereby enacted by the authorities of the same, that the sum of thirty-five hundred ($3500) dollars is hereby appropriated from the general funds for the purpose of paying the increase of wages demanded by the workmen digging and constructing the Main street sewer. The said sum of money above appropriated, or as much thereof as may be necessary, shall be paid to the several workmen at the rate of twenty-five cents per day over the amount per day that they have been receiving heretofore for said work.

"Section 2. The sewer inspector shall keep the correct time of each man working on the said sewer and at each meeting of council shall make a report to said council over his signature of the amount necessary to be paid since the last estimate."

The ordinance was vetoed by the burgess, the veto being sent to the council at its regular meeting held on October the 28th. The veto was not considered by the council, nor was the ordinance passed over the veto, the council claiming that the veto came too late.

4. The regular meetings of the Old Forge borough council are held on the second and fourth Mondays of each month. In October these days fell on the 14th and 28th; but it appears from the minutes, and we so find,

that the regular meeting of October 14th was adjourned to October 21st. The ordinance passed October 14th, was presented to the burgess on the next day, October 15th, and the burgess was then informed that an adjourned regular meeting would be held on October 21st. The burgess did not send on his veto at the said adjourned regular meeting of October 21st, but, as already stated, the veto was sent to the regular meeting of October 28th.

5. It is agreed that the plaintiffs are taxpayers of the Borough of Old Forge.

## CONCLUSIONS OF LAW.

1. The third section of the Act of May 23, 1893, P. L. 113, provides, inter alia, that every ordinance passed by council shall be presented to the chief burgess of the borough for his approval or disapproval, and that if he shall not approve of the ordinance, "he shall return it with his objections to said council at the next regular meeting thereof," &c.

2. The ordinance in question in this case having been passed at a regular meeting of the borough council held on October 14, 1912, and the next regular meeting of the council being on October 28th, the veto of the burgess sent to the council on the latter date was in time, and the failure of the council to take action on the veto at the said meeting of October 28th, makes the ordinance void and of no effect.

Our interpretations of the third section of the Act of 1893, is conclusive against the contention of the defendant in this case. The general rule touching this matter, as laid down in the textbooks, is that meetings of council on a day other than the stated one for regular meetings, assembled pursuant to the adjournment of the regular meetings, are not special meetings, nor a distinct class of meetings, but according to the great weight of authority are regular meetings with all the power and authority for municipal affairs possessed on the stated

day for assembling; and all municipal action taken at such meeting is as valid as if taken on the first day of the session. There is a question in some jurisdiction as to the validity of municipal action at an adjourned regular meeting on a subject not begun or touched upon at the regular meeting, but we are not now concerned with this phase of the matter, because it does not affect the dispute in the case at bar. Mr. DILLON, in the first volume of his work on Municipal Corporations, Section 285, states the law as we deem it to be in Pennsylvania to-day: "A regular meeting, unless special provision is made to the contrary, may be adjourned to a future fixed day, and at such meeeting it will be lawful to transact any business which might have been transacted at the stated meeting, of which it is, indeed, but the continuation." The same view of the law was taken by Judge RICE in the case of Avoca Borough v. Street Ry. Co., 7 Kulp 470. And, in the case of Com. v. Fleming, 23 Pa. Superior Ct. 404, the same principle is laid down in the following words: "A regular meeting of the borough council may adjourn to a definite future day, and at such adjourned meeting the body may transact any business which might have been transacted at the meeting from which the adjournment was had. An adjourned meeting is the continuation of the stated meeting."

It appears very clearly that an adjourned regular meeting is simply a continuation of the stated meeting. The meeting of the council of Old Forge held on October 21st was the same meeting as that held on October 14th; and the "next regular meeting," referred to in the Act of 1893, means exactly what the words import, viz, the meeting of October 28th. The burgess, although he had notice of the date of the adjourned meeting, was within his rights when he waited until the "next regular meeting" (28th) before sending in his veto. The question is so simple and clear that we consider further discussion unnecessary.

We could safely leave the consideration of this case.

at this point, but the parties on both sides have argued the merits of the case, viz, the validity of the ordinance. We are of the opinion that the council had no legal power to pass the ordinance in question; and this constitutes our third conclusion of law.  The council had entered into a contract with the contractor to complete the sewer for a fixed, stipulated price.  According to the terms of the agreement, the contractor was to pay for all materials and labor.  There was no provision in the contract relating in any way to the contingency of a strike.  The contractor also gave a bond in the sum of $18,000, conditioned that he complete the sewer according to contract, and that he pay for all the labor and materials entering into the construction of the sewer. Under such facts, the council had no right to increase the contract price.  Counsel for defendants claim that the council was confronted with the threat on the part of the contractor to abandon his contract, and that a compromise was effected to avoid possible litigation and delay.  The remedy in case of an abandonment of the contract was a simple one.  The borough could have re-let the work to somebody else and then proceed on the bond to recover the loss, if any.

Our fourth conclusion of law is that the preliminary injunction heretofore granted in this case should be made permanent.

*Error assigned* was the decree of the court.

*A. A. Vosburg,* with him *John H. Bonner,* for appellants.—The ordinance was valid: State v. Tappan, 29 Wis. 664; Fallbrook Irrigation District v. Bradley, 164 U. S. 112 (17 Sup. Ct. Repr. 56); Livingston County v. Darlington, 101 U. S. 407; Kingman v. Brockton, 153 Mass. 255 (26 N. E. Repr. 998); Bailey v. Philadelphia, 167 Pa. 569; Bancroft v. Lynnfield, 35 Mass. 566; Tatham v. Philadelphia, 11 Philadelphia 276; New Orleans Board of Liquidation v. R. R. Co., 109 U. S. 221 (3 Sup.

Ct. Repr. 144) ; People v. San Francisco, 27 Cal. 655;
Logansport v. Dykeman, 116 Ind. 15 (17 N. E. Repr.
587) ; Com. v. Pittsburgh, 183 Pa. 202.

A borough council may, at one of its regular meetings,
adjourn for one week, and the subsequent meeting will
be a regular meeting at which all general business may
be transacted: Com. v. Fleming, 23 Pa. Superior Ct.
404; Avoca Boro. v. Ry. Co., 7 Kulp 470.

*John R. Wilson,* with him *Warren, Knapp & O'Malley,* for appellees.—The meeting of October 21st was the
adjourned and continued meeting of October 14th.   The
burgess had the right by statute to wait until the next
regular meeting: Com. v. Fleming, 23 Pa. Superior Ct.
404; Lehigh Coal & Nav. Co. v. Ry. Co., 167 Pa. 126;
Avoca Borough v. Ry. Co., 7 Kulp 470 ; Flood v. Atlantic
City, 63 N. J. L. 530 (42 Atl. Repr. 829) ; Moore v.
Perry, 119 Iowa 423 (93 N. W. Repr. 510) ; State v.
Smith, 22 Minn. 218; Magneau v. Fremont, 30 Neb. 843;
Scadding v. Lorant, 5 Eng. L. & E. 16.

Failure to comply with the statutory requirements of
the Act of 1893, was fatal to the validity of the ordinance: Lehigh Coal & Nav. Co. v. Ry. Co., 167 Pa. 126;
Com. v. Beaver Borough, 171 Pa. 542; Galloway v. Gilmour, 5 Pa. D. R. 553.

The ordinance was void because ultra vires: Conlon
v. San Francisco, 114 Cal. 404 (46 Pac. Repr. 279) ;
Fulton v. Northern Illinois College, 158 Ill. 333 (42 N.
E. Repr. 138) ; Matthews v. Westborough, 134 Mass.
555; Ford Edward Village v. Fish, 156 N. Y. 363 (50
N. E. Repr. 973) ; Eno v. New York, 68 N. Y. 214.

Per Curiam, March 24, 1913:
The decree in this case is affirmed on the legal conclusions which followed the five facts properly found by
the learned president judge of the court below.

Appeal dismissed at appellants' costs.