BRAIDBURN REALTY CORPORATION, AND BRAIDBURN COUNTRY CLUB, APPELLANTS, v. CITY OF EAST ORANGE, RESPONDENT.

Submitted May 29, 1930—Decided February 2, 1931.

For the appellants, *William M. Seufert* and *Ryland E. Lippincott*.

For the respondent, *Walter C. Ellis*.

The opinion of the court was delivered by

CAMPBELL, J.   The respondent, the city of East Orange, obtained from the board of conservation and development, a

consent to condemn lands of the appellants, and, by means of wells to be driven, abstract therefrom subterranean waters, not exceeding two million gallons per day for the purpose of augmenting the water supply of the city. Commissioners in condemnation were appointed and they made their award. The appellants, landowners, being dissatisfied with the amount of such award, appealed to the Circuit Court of Morris county, where such lands are located. On the trial of this appeal the landowners insisted that they were entitled, not only to the value of the land taken, but also to all damages resulting from the taking thereof for the use to which it was proposed to be put, which was the abstracttion of two million gallons of subsurface water, and, as such taking of water would damage appellants' lands in reducing the subsurface water to which they were entitled (the appellant Braidburn Country Club, using water so obtained to the amount of sixty thousand gallons per day) they were entitled to an award which would include such damage.

The respondent, city of East Orange, contended that the withdrawing of this water by it was not a matter to be considered in determining the damage done to the remainder of the tract; that there was nothing which established, with any certainty, that the sinking of wells upon the land sought to be taken by it would produce any water; that if water was so produced and obtained it was equally uncertain that such taking of water would result in the abstraction of any water from the remaining lands of the appellants, and that under all the circumstances it would be impossible at this time to measure such damage. *Meeker* v. *East Orange*, 77 *N. J. L.* 623, appears to have been rested upon as authority for these contentions. The learned trial judge adopted this theory as sound and made it the law of the case. It was error so to do. In *Meeker* v. *East Orange, supra,* the plaintiffs in the actions were owners of land who claimed damage through the withdrawal, by East Orange, of underground waters from a tract of land owned by that city.

That case settled the principle in this state of "reasonable user" and it was held, "this does not prevent the proper

user by any landowner of the percolating waters subjacent to his soil in agriculture, manufacturing, irrigation or otherwise, nor does it prevent any reasonable development of his land by mining or the like, although the underground water of neighboring proprietors may thus be interfered with or diverted. But it does prevent the withdrawal of underground waters for distribution or sale for uses not connected with any beneficial ownership or enjoyment of the land whence they are taken, if it results therefrom that the owner of adjacent or neighboring land is interfered with in his right to the reasonable user of subsurface water upon his land, or if his wells, springs or streams are thereby materially diminished in flow, or his land is rendered so arid as to be less valuable for agriculture, pasturage or other legitimate uses."

The proceeding before us is one in eminent domain through which the city of East Orange is taking a portion of a tract of land of the appellants.

In *Van Schoick* v. *Delaware and Raritan Canal Co.*, 20 *N. J. L.* 249, 254, decided in the Supreme Court in 1843, Mr. Justice Nevius, in considering whether the owner of land, taken by condemnation, was entitled to recover compensation for the damages done to the remaining part of his property by the overflowing of parts of it by the waters of a canal, notwithstanding such canal was constructed with due care and skill, held, that the legislative intent was that "all damages accruing to the owner of lands from any and every physical effect produced by the construction and use of the canal; whether the same were clearly to be seen and easily estimated before the construction of the canal, or whether they were uncertain and doubtful results from such construction," were to be determined and awarded. In that case the Condemnation act directed the commissioners to "make a just and equitable estimate of the value of the same and assessment of damages." The statute under which East Orange is here operating requires the commissioners to "make a just and equitable appraisement of the value of the same and an assessment of the amount to be paid by the petitioner for such land or other property and damage aforesaid"

and further directs that upon appeal "the jury shall assess the value of the said land and other property and the damages sustained." This permits of no distinguishable difference in the two statutes nor conflicting constructions. The doctrine laid down in the case just cited has not been repudiated or questioned. There have been cases where it has been pointed out that the facts were such as to make it inapplicable. An instance of this is *Delaware and Raritan Canal Co.* v. *Lee*, 22 *N. J. L.* 243, but there the injury complained of did not result from the mere construction of the canal but from the fact that, in constructing it, it was laid out across a creek and the company undertook to carry the waters of that stream underneath the canal by means of a culvert, which was too small to take care of all the water thereof, resulting in the back water overflowing the plaintiff's lands. This did not result from the building of the canal "with due care and skill" but was the result of lack thereof in building an insufficient culvert and that after the property had been acquired by condemnation.

We conclude, therefore, that in the present case the legal rule to be applied is the value of the land taken and all damages to the remainder of appellants lands from such taking including such damage, if any, as will result from the abstracting of two million gallons per day of subterranean water, or any part thereof, from the premises taken measured by the rule of "reasonable user" laid down and adopted in *Meeker* v. *East Orange, supra.*

The judgment below is reversed.

*For affirmance*—CASE, BODINE, DALY, DONGES, JJ. 4.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 10.