# Town of Hodgenville v. Kentucky Utilities Co.

(Decided June 23, 1933.)

WILLIAMS & HANDLEY for appellant.

GORDON, LAURENT & OGDEN and O. M. MATHER for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Section 3699 of the Kentucky Statutes, being part of the charter of cities of the sixth class, in part provides:

"No ordinance or resolution granting any franchise shall be passed by the board of trustees within five days after its introduction, nor at any other than a regular meeting."

The sole question presented by this appeal is

whether an ordinance granting the appellee a franchise for the business of generating and selling electric current in the town of Hodgenville, appellant herein, was passed at a regular meeting of its board of trustees or not. The facts are not in dispute. The franchise in question was duly introduced at a regular meeting of the board held in April. The next regular meeting of the board held more than five days after the introduction of this franchise ordinance came on May 7, 1923. The board being unable to transact all the business before it on that evening, the meeting was adjourned to May 14th. That night the board again being unable to finish its business, the meeting was again adjourned to May 21st, at which adjourned meeting the ordinance granting the franchise in question was passed.

The law is by the great weight of authority that an adjourned meeting is but a continuation of the regular meeting, of which it is an adjournment, and that any business which could have been transacted at the regular meeting may be transacted at such adjourned meeting. Thus in 2 McQuillin, Municipal Corporations (2d Ed.) sec. 633, it is said:

"If a regular meeting is adjourned, any business which would have been proper for the body to consider at that meeting may be considered and acted upon at the adjourned meeting, but if it is a special or called meeting which is adjourned, nothing can be done at such adjourned meeting unless it could have been considered and acted upon at the special or called meeting. An adjourned meeting of either a regular or stated or special or called meeting is but a continuation of the same meeting."

In Green v. Town of Irvington, 81 N. J. Law, 723, 73 A. 602, it was held that an adjourned meeting is not a new meeting but a mere continuance of an original meeting. To the same effect is Dockett v. Old Forge Borough, 240 Pa. 98, 87 A. 421. In 43 Corpus Juris, 499, it is written:

"Meetings of the council or board on a day other than the stated one for regular meetings, assembled pursuant to adjournment of the regular meetings, are not special meetings, or a distinct class of meetings, but according to the great weight of authority are regular meetings with all the power and author-

ity for municipal affairs possessed on the stated day for assembling and all municipal action taken at such meeting is as valid as if taken on the first day of the session.''

From the foregoing, it would seem that there could be no question but that the adjourned meeting of May 21st was but a continuation of the meeting of May 7th, and that being such, any business which could have been transacted at the meeting of May 7th could also be transacted at its adjournment of May 21st. However, counsel for appellant cite the case of Tandy & Farleigh Tobacco Co. v. City of Hopkinsville, 174 Ky. 189, 192 S. W. 46, 50, and insist that under its holding the meeting of May 21st was an entirely different and wholly separate meeting from that of May 7th and not a continuation of it. In this City of Hopkinsville Case, the court had before it the construction of the charter of cities of the third class. Section 3279 of the Statutes, being part of such charter, in part provides:

''No ordinance shall take effect and be binding until the same shall have been twice publicly read and passed by the common council at two sessions, held on different days.''

In that case, the ordinance involved was introduced at a regular meeting on December 4th. This meeting was adjourned to December 7th, at which time the ordinance was passed. In upholding its validity, this court said:

''The statute (section 3279, Ky. Stats.) requires that the ordinance shall be passed 'at two sessions held on different days.' It does not require that the sessions shall be regular or special sessions or meetings. The argument, therefore, that the adjourned meeting was only a continuation of the original meeting of December 4, 1914, and not a separate and distinct session, cannot prevail.''

It is thus obvious that this court, in construing the word ''sessions'' in this section of the Statutes, made a distinction between that word and the word ''meeting.'' As pointed out in the case of People v. Powell, 14 Abb. Prac. (N. Y.) 91, the literal signification of the word ''session'' is ''sitting.'' And so in Ralls v. Wyand, 40 Okl. 323, 138 P. 158, it was held that the meaning of the word ''session'' is the sitting of the body:

the time during which it is convened and actually engaged in business. In U. S. v. Dietrich (C. C.) 126 F. 659, it was pointed out that the word "session" does not have a single, fixed, and definite meaning, but is variously used in statutes and constitutions. And as said in Bond v. City of Baltimore, 111 Md. 364, 74 A. 14, the word "session" may mean one thing in one paragraph and another thing in another paragraph of the same law. So the word "session" may be used synonymously with "meeting" or it may be used in its literal sense of "sitting." A meeting may run for a day with a morning session, an adjournment for lunch, an afternoon session, an adjournment for dinner, and then an evening session, or it may run for several days with one or more sessions each day; such sessions clearly being but sittings of the meeting. On the other hand, the meeting may embrace but one session, or the meeting, though extending over several days, may be called the session of the body which is meeting. It is in this latter sense that we speak of the session of the Legislature. It is clear from a reading of section 3279 of the Statutes that the word "session" as therein used embraces "sittings" as well as "meetings." The very fact that this section required the two sessions mentioned to be held on different days indicates that the Legislature did not intend to confine the meaning of the word to that of "meeting." The word was meant to cover two sittings of the council held on different days, whether those sittings were of the same meeting or of different meetings. It is thus apparent that the City of Hopkinsville Case in no wise conflicts with the settled law regarding adjourned meetings. It then follows that as the adjourned meeting of May 21st was but a continuation of the meeting of May 7th, and that such being the case any business could be transacted at this meeting of May. 21st which could have been transacted on May 7th, the judgment of the lower court holding the ordinance granting the franchise here in question validly passed is correct, and it is affirmed.

Whole court sitting, except Justice Richardson, who took no part in the consideration of this case.