E. DONALD STERNER, STATE HIGHWAY COMMISSIONER, PETITIONER-APPELLANT, v. WARFORD L. NIXON ET UX., ET AL., RESPONDENTS.

Argued February 6, 1936—Decided May 14, 1936.

For the appellant, *David T. Wilentz,* attorney-general; *Pierre P. Garven,* chief counsel for state highway commissioner (*Frank A. Matthews, Jr.,* assistant counsel, of counsel).

For the respondent, *Daniel H. Beekman.*

The opinion of the court was delivered by

PERSKIE, J.  This is a condemnation case.  The question requiring decision is whether a landowner is entitled to have a jury determine the necessity, and cost, for such elements as a sidewalk, fence, curbing and embankment, *i. e.,* "putting land in shape to meet the changed condition of the highway," in fixing his present and prospective damages when a part of his tract of land is taken by the state for highway purposes.

The facts which give rise to this question are these: Respondent Dr. Warford L. Nixon was the owner of a rectangular lot with a three-story dwelling house thereon, located

in the borough of Somerville, county of Somerset, New Jersey. The lot had a frontage of two hundred and ten feet on Somerset street, a previously existing highway, and a depth of three hundred feet, containing in all about sixty-three thousand square feet.

Pursuant to authority (An act to regulate ascertainment and payment of compensation for property condemned Revision of 1900), *Pamph. L.* 1900, *ch.* 53, *p.* 79), and because he was unable to acquire the needed land in the construction, &c., of state highway route number 31 by agreement with respondent, appellant did, on August 27th, 1930, in advance of making compensation therefor, enter upon and take a triangular portion from the southwest corner of respondent's tract of land, amounting in area to about one thousand four hundred and ninety square feet. *Pamph. L.* 1927, *pp.* 712, 725, § (e), ¶ 111. As a result of that taking a new street was created along the westerly side of the property.

In further pursuance of the Condemnation act of 1900, as aforesaid, three commissioners were apointed "to make a just and equitable appraisement of the value of the same, an assessment of the amount to be paid by the petitioner for such lands * * * and damage aforesaid * * *." On October 3d, 1934, the commissioners made their report awarding respondent $2,480.

The state highway commissioner, dissatisfied with the award of the commissioners, appealed to the Somerset County Circuit Court. The issue to be tried was framed. The jury was to determine "the value of the lands taken and the damages sustained by reason of the taking and condemning thereof, as of December 8th, 1935 * * *." The last stated date was changed, by stipulation, to August 27th, 1930.

The jury returned a verdict in favor of respondent in the sum of $2,026. To this amount was added interest from August 27th, 1930, amounting to $522.71. It is the judgment entered on this verdict, in the sum of $2,548.71, that is here under review.

It is well settled that where lands are taken by proceedings in eminent domain the measure of damages to the landowner is "the difference in the value of the tract before and after the taking," or, "the value of the land that is taken by the condemning party and compensation for the diminution in value that will result from the taking." *Philadelphia and Camden Ferry Co.* v. *Inter City L. Railroad Co.*, 76 *N. J. L.* 50; 68 *Atl. Rep.* 1093; 20 *C. J.* 730, § 189.

"Where a street or highway is laid out through tract of land, the owner is entitled to compensation not only for the value of the land actually taken, but also for the damage, if any, accruing to the remainder, as measured by the difference in the value of the entire tract before and after the taking. It is commonly held that the proper elements of damages are whatever tend to make the land of less value after the location than it was before. * * *." 20 *C. J.* 757, § 215 (15).

In *Braidburn Realty Co.* v. *East Orange,* 107 *N. J. L.* 291; 153 *Atl. Rep.* 714, this court held (where lands are taken in a proceeding in eminent domain for the purpose of abstracting therefrom subterranean waters for distribution and sale), the owner was entitled to the value of the land taken and damages, resulting from such taking, to his remaining lands, and this included all damages accruing to the owner of the lands *from any and every physical effect produced by the taking* and use to which the property taken is put and measured by the rule of "reasonable user" as laid down and adopted in *Meeker* v. *East Orange,* 77 *N. J. L.* 623; 74 *Atl. Rep.* 379.

In *Green* v. *Irvington,* 76 *N. J. L.* 5; 69 *Atl. Rep.* 485; *affirmed,* 81 *N. J. L.* 723; 73 *Atl. Rep.* 602, it was held that:

"The cost of putting his lot in shape to meet the changed conditions of the highway was a proper element to be considered by the jury in determining the amount of the damage sustained by him by the taking. *White* v. *Foxborough,* 151 *Mass.* 40; *Fall River Print Works* v. *Fall River,* 110 *Id.* 428."

In *Inhabitants of Readington* v. *Dilley,* 24 *N. J. L.* 209 (at *p.* 215), the court held:

"* * * The necessity of making fences, and the inconvenience of being cut off from water by the laying of the road, may certainly be as really a damage sustained by the owner of the land taken for a public highway as by the appropriation of the land itself. * * *." See, also, *Somerville and Easton Railroad Co.* v. *Doughty,* 22 *Id.* 495.

In 20 *C. J.* 763, 764, § 225 (b), it is stated:

"In condemnation proceedings a landowner is entitled to recover for all damages, present and prospective, which may be known or may reasonably be expected to result from the construction and maintenance of the improvement in a proper and legal manner, since there cannot be successive proceedings. * * *"

Compare *Packard* v. *Bergen Neck Railroad Co.,* 54 *N. J. L.* 553; 25 *Atl. Rep.* 506; *Lehigh Valley Railroad Co.* v. *McFarlan,* 43 *N. J. L.* 605; *Columbia, Delaware Bridge Co.* v. *Geisse,* 35 *Id.* 474; *affirmed, Id.* 558; *Van Schoick* v. *Delaware, &c., Canal Co.,* 20 *Id.* 249; *Trenton Water Power Co.* v. *Chambers,* 13 *N. J. Eq.* 199, cited in support of the text.

It is argued for the commissioner that the learned trial judge fell into reversible error in permitting testimony, in charging the jury, and in refusing to charge as requested, because in so doing he permitted the jury to find that respondent was entitled to recover for the elements enumerated in the stated question. Epitomized, this argument is rested upon the fact: (a) that there was no sidewalk or fence in existence at the time of the taking; and that there is no proof that either may ever be constructed; (b) that if a sidewalk were laid it would have had to have been laid within the boundaries of the lands acquired by the state since there was no specification in the petition or map to the contrary (compare *Pamph. L.* 1931, *ch.* 378, *p.* 982); and if laid by the state, then only at its own expense; (c) that if the sidewalk were laid by an agency (municipality or county) other than the state, it could have been done and paid for in one of three methods: (1) general taxation; (2) assessments of benefits,

and (3) partly by taxation and partly by assessment of benefits; (d) and that the act of 1931, *supra,* imposed no greater burden on the landowner whose property is taken for highway purposes than that which already existed.

This argument lacks persuasion. It ignores the conceded fact that a new street was created along the westerly side of respondent's property, as a result of the taking. A complete topographical and physical change of respondent's remaining land was effected. To the extent of the taking, and to the extent that the taking bears to the remaining tract of land, the privacy, comfort and reasonable user of the premises as a private dwelling were obviously and seriously impaired. To hold that a landowner, under such circumstances, is not entitled to have considered the need and cost of such reasonable elements, as are here involved, as part of his damages, would, it seems to us, come dangerously close, if not tantamount, to a denial of the rights and privileges guaranteed all men of *"acquiring, possessing and protecting property."* Article 1, section 1, constitution of New Jersey.

Such holding finds no support in right, logic, reason or law; it is untenable.

We are of the opinion that the learned trial judge in a fair, comprehensive and correct charge submitted the challenged elements, as embraced within the issue framed between the parties, to the jury for determination.

Judgment is affirmed.

. *For affirmance*—The Chancellor, Chief Justice, Lloyd, Case, Bodine, Donges, Heher, Perskie, Hetfield, Dear, Wells, WolfsKeil, Rafferty, JJ.   13.

*For reversal*—None.