101 N.J. Super. 103 (1968)
243 A.2d 276
STATE OF NEW JERSEY, BY THE STATE HIGHWAY COMMISSIONER, PLAINTIFF-RESPONDENT,
v.
AZZOLINA LAND CORPORATION, A CORPORATION OF NEW JERSEY, ET AL., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 18, 1968.
Decided May 21, 1968.
*105 Before Judges CONFORD, COLLESTER and LABRECQUE.
Mr. Daniel T. O'Hern argued the cause for appellant (Messrs. Abramoff, Apy & O'Hern, attorneys).
Mr. Philip S. Carchman, Deputy Attorney General, argued the cause for respondent (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney; Mr. David A. Biederman, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by CONFORD, S.J.A.D.
The State appealed from an award by condemnation commissioners of $134,800 to defendant *106 for its damages consequent upon the taking by the State of certain property on the east side of Route 35 for road building purposes. The trial jury fixed damages in the sum of $38,500, and defendant appeals, asserting error in several of the trial judge's rulings and prejudice arising from his manner of conducting the trial.
Certain exclusions of evidence proffered by defendant and the court's restriction of defendant's cross-examination of plaintiff's principal expert witness had the cumulative effect, in our judgment, of undue prejudice to defendant's case and require a reversal and new trial.
Defendant owned a 24.3-acre tract of land which fronted on the highway, prior to the taking, to the extent of about 500 feet. The State condemned three parcels, the largest of which was an irregularly shaped piece on the highway of about 0.55 acres with 240 feet of highway frontage, intended to be used by the State as a "jughandle" for a highway crossing. The other two pieces taken were strips of insignificant size.
There was a good deal of confusion at the trial as to whether evidence of the per se value of the jughandle piece was admissible. The court ruled, during the examination of defendant's expert witness, Heller, that testimony of the value of the property taken was inadmissible, on the basis that the sole criterion of damages was the difference between the value before and the value after the taking, of defendant's entire landholding. It was defendant's position  clearly a correct one  that the measure of damages is either that just stated, or, alternatively, the value of the piece taken plus the diminution of the value of the remainder as a result of the taking. Sterner v. Nixon, 116 N.J.L. 418, 420 (E. & A. 1936). The witness Heller did later, however, in the course of explanation of his appraisal of the total damage from the taking as $147,000 ($635,000 before and $488,000 after), get into the record without objection his opinion of the value of the property taken as $75,000. In ultimately charging *107 the jury, moreover, the court gave the correct rule for ascertainment of damages as stated above.
Plaintiff's principal expert witness, Lazarus, arrived at an estimate a total damage from the taking of $15,500. In the course of explaining this on cross-examination the witness valued the 0.55-acre parcel taken, per se, at $5,500, a figure apparently based on his unit valuation of the large tract from which it was taken at $10,000 per acre. This approach contrasts with the general expert consensus that a small tract of highway frontage will ordinarily have a substantially larger unit value rate than a large tract, with considerable backland, inclusive of the frontage piece. (See the discussion, infra, of Lazarus' recent appraisal of the Russo property).
The per se value of the parcel here taken was unquestionably an important and directly relevant factor in the determination of defendant's damages. Plaintiff's witness Lazarus offered no sales of small highway pieces to aid the jury in appraising the weight of his valuation of the piece here taken at $5,500. His proffered comparable sales were all of comparatively large tracts, offered only to support his valuations of defendant's land taken in entirety.
Defendant's witness, Heller, on the other hand, did proffer three transactions involving small nearby pieces indicative, in his judgment, of the relatively higher unit value of highway frontage property in smaller parcels. One of these, the Chevron sale, reflected a value of $165,000 per acre. The court excluded this from evidence because the property was on a highway island, with frontage on both sides. Another, the Socony-Mobil sale, was at $155,000 per acre. This was excluded because the witness was not considering it in relation to the above-mentioned "before and after" test. This was clearly erroneous, as it bore on the per se value of the parcel taken, and, as indicated above, the parties are not restricted solely to the "before and after" approach. The third transaction, the Goldin lease, would have been analyzed by the witness to reflect a fee value of *108 $75,000 per acre.[1] This was excluded by the trial court because the witness did not have the original lease in his possession but only a copy. This was patently a mistaken exercise of discretion. Experts, in making appraisals, commonly rely upon copies of instruments deemed by them reliable. Cf. Delaware, L. & W.R.R. Co. v. City of Hoboken, 16 N.J. Super. 543, 556, 557 (App. Div. 1951), reversed on other grounds, 10 N.J. 418 (1952).
Ordinarily, the exercise of discretion by a trial judge in ruling on the admissibility of comparable sales is sustained on appeal. Moorestown Tp. v. Slack, 85 N.J. Super. 109, 114 (App. Div. 1964), certification denied 43 N.J. 452 (1964). However, a more liberal approach should be taken in determining the admissibility of sales where the parcel taken is a small piece with highway frontage and where there are, as here, apparently few transactions available involving small highway parcels in the proximate area. Id., at pp. 114, 115. The size and location of the parcel here taken are significant valuation characteristics, and the Chevron transaction, being closely comparable in these respects, might well have been held admissible, with the expert indicating his opinion concerning the adjustment necessary to reflect the superior highway access of the parcel sold. Evidence of sales cited by an expert serves the function both of independent evidence for the fact-finder and support for the expert's opinion of value. The latter factor should generally exert a liberal influence on admissibility. See Delaware, L. & W.R.R. Co. v. City of Hoboken, supra (10 N.J., at p. 434; 16 N.J. Super., at pp. 557-58).
We note, further, our disagreement with the trial court's intimations in colloquy that the Chevron and Socony-Mobil sales were not admissible comparables because conditioned on zoning permits for conduct of gasoline businesses by the vendees. The availability of the subject jughandle *109 for use as a gas station was an open question on which experts and jurors might differ. The condition of obtaining a permit is also a matter for consideration by the fact-finder in evaluating the sales, but not a justification for their exclusion from evidence.
One of the sales cited by the plaintiff's witness, Lazarus, in support of his "tract" valuation of defendant's property, was that of Morris to Russo in October, 1964. Some 20 acres of Route 35 highway property about a mile and a quarter north of the subject property sold for $160,000, and Lazarus analyzed the sale as reflecting a value of $8000 per acre for the tract. He stated he himself considered the property as having a value of $8000 per acre as of the time of the sale. On cross-examination the witness volunteered that he had appraised the Russo property recently for the owner in connection with a condemnation of a small piece of it by the State Highway Department. Defendant asked the court to require the witness to produce a copy of the appraisal for inspection in connection with the cross-examination on the Russo sale. This was objected to by plaintiff on grounds this was "res inter alios," and the court sustained the objection on the basis that the appraisal constituted a "work-product." Neither of these concepts justified the court's ruling. A recent appraisal by the expert witness of property the sale of which he had cited as reflective of a value therefore which supposedly supported his valuation of the property here involved was a plainly proper and potentially fruitful subject of inquiry in the effort to attack the witness' expert opinion. It is elementary that an expert witness is always subject to searching cross-examination on the basis for his opinion.
We called for the production of the appraisal in question in order to determine the materiality of its exclusion, and we have examined it. The appraisal, made as of February 11, 1967, was in the sum of $187,000 for a 3.09-acre portion of the Russo tract, located directly on Route 35. This contrasts with Lazarus' valuation, given in *110 this case, of the entire 20-acre Russo tract as of October 1964 at $160,000 and with his value for the 0.55-acre parcel here in question (as of 10/22/63) at $5500. Even allowing for the known rise in realty values during the respective 2 1/2 and 3 1/2 year intervals, it is clear to us that defendant sustained manifest harm in not being permitted to use this appraisal on cross-examination of the adverse expert witness.
We cannot agree with plaintiff's argument that the ruling on the Russo appraisal was nonprejudicial merely because the jury verdict was higher than Lazarus' estimate of damage. The verdict must have been based on a consideration of the experts' opinions on both sides, and it was much closer to Lazarus' figure than to that of Heller.
In view of the foregoing, we need not comment on defendant's other grounds of appeal except to say that, generally speaking, it is wise for the trial judge not to intrude upon the examination or cross-examination of a real estate expert when not called upon to rule on objections or make essential clarifications of the record. In this technical area, the trial effort should be to minimize any interruptions of testimony which could tend to confuse a lay jury.
Reversed and remanded for a new trial.
NOTES
[1] The reflected unit values of the Chevron, Socony-Mobil and Goldin transactions were furnished the court at its request after the argument.