PETER COCHRAN, ET AL., *v.* J. H. HAYS, ET AL.

**Local Option Election—Contest of.**
> An election held in a given district to determine whether intoxicating liquors shall be sold therein cannot be contested under the provisions of the general election law.

**Opening the Polls.**
> The Constitution provides that elections shall be held between 6 o'clock a. m. and 7 o'clock p. m., but it does not follow that the result is unlawful where the polls are not opened until after six o'clock.

APPEAL FROM BULLITT CIRCUIT COURT.

October 11, 1875.

OPINION BY JUDGE PETERS:

One of the grounds specified in the notice to contest the election held in the Pine Tavern district in Bullitt county, to determine

whether the sale of intoxicating liquors should be prohibited in said district, is that the judges at said election failed to open the polls at six o'clock A. M. The other is that there were fraudulent votes cast against said proposition. We are not aware of any law authorizing the contest of an election of this character, if, indeed, a mere test of the opinions or wishes of the qualified voters of a district on any given question can be called an election according to the statutory definition of the word.

But besides that objection, appellants have failed to show any just grounds of complaint. They assume, as a matter of law, that the officers of an election are required to open the polls by six o'clock A. M., when the constitutional provision on the subject is that all elections by the people shall be held between the hours of six o'clock in the morning and seven o'clock in the evening. Sec. 16, Art. 8, Const. of Kentucky. The election complained of was commenced between six and seven o'clock in the morning, certainly, according to the evidence, not later than seven o'clock in the morning, and was continued until seven o'clock in the evening, which was a compliance with the law.

There is no evidence that there were fraudulent votes cast for or against the proposition.

The judgment must be *affirmed*.

*Strauss & Megler, for appellants. R. H. Field, for appellees.*