## Clark v. Board Trustees Dawson Springs Graded School District.

(Decided April 21, 1915.)

### Appeal from Hopkins Circuit Court.

1. Schools and School Districts—Powers of Trustees—Elections Upon Question of Bond Issue.—It is the purpose of the legislative act dealing with graded school districts to put all elections affecting graded schools under the control of the board of trustees of such schools, and the board is therefore authorized not only to call the election and appoint the election officers, but to canvass the returns and certify the result of an election held in such graded school district to determine whether there shall be a bond issue for school purposes.

2. Schools and School Districts—Elections.—The fact that the treasurer of a graded school district was appointed and acted as an election officer at such election did not invalidate the same.

3. Schools and School Districts—Graded School Bond Election—When May Be Held.—It was the purpose of Section 155 of the Constitution to take all character of school elections out of the operation of the rules prescribed for and limitations placed upon all other elections; and therefore a graded school bond election held under the statute may be held upon a day other than a regular election day.

4. Schools and School Districts—Graded School Bond Election.—It is not necessary that the order calling such an election should specify the rate of taxation to be levied by the board in the future to take care of the proposed bond issue.

5. Schools and School Districts—Powers of School Board.—In the absence of a statutory provision a school board may do anything at a special meeting that it could at a regular meeting.

H. F. S. BAILEY for appellant.

LAFFOON & WADDILL for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

The Dawson Springs Graded Common School District was created in 1905, and the trustees thereof, in the fall of 1914, under the authority of Section 4481 of the Kentucky Statutes, called an election so that the people of the district might determine whether it should create an indebtedness of $10,000.00 and authorize the trustees to issue bonds to that amount in excess of the revenue for that year, it being necessary in the opinion of the board to provide that amount for the purpose of furnishing suitable grounds, school house, furniture and apparatus for the said school district.

The election was held in December, 1914, and the vote thereon was practically unanimous, only 14 votes being cast against the proposition.

Appellant is a taxpayer of the district, and suing for himself and other taxpayers, instituted this action to enjoin the Board of Trustees from issuing or delivering the bonds so authorized.

The election was called by the Board of Trustees, the election officers were appointed by the Board of Trustees, the returns were made to it, and the same canvassed and certified by it, and the first question made is that there is no authority of law authorizing the returns to be canvassed by the Board of Trustees, and that they should,

therefore, have been canvassed and the result certified by the county election board.

Section 4485 of the Kentucky Statutes, which is part of the act dealing with graded common schools, provides:

"After the first election provided for in this law shall have been held, the tax voted, trustees elected, and the graded common school organized, the board of trustees shall appoint the officers to hold all other elections, which officers shall take an oath to be under the same responsibilities and subject to the same penalties as the officers holding State or county elections, only they shall make returns of poll-books and certify the result of the elections to the board of trustees, who shall examine and compare the same and issue certificates to the persons found elected."

While, under the language of that section, it might be argued that only the authority to canvass and certify the result in elections where trustees were to be elected was given to the board, it was clearly the legislative purpose, taking the provisions of this section together with the whole act, to put all school elections affecting graded school districts under the control of the board of trustees, and to authorize it not only to call the election and to appoint the election officers, but to canvass the returns and certify the result. Snyder v. Board of Trustees, 142 Ky., 739.

The contention is further made that because the treasurer and tax collector of the district was one of the election officers that the election should be declared invalid. There is no suggestion that this election officer was guilty of any improper conduct, or that he did other than perform his duty, and he being in all other respects eligible to act as an election officer, it is trivial to question the validity of the election on that ground alone.

But it is contended that the election should have been held on the regular election day, and that a graded school election does not come within the exception in Sec. 155 of the Constitution providing that the provisions of sections 145 to 154, inclusive, of the Constitution "shall not apply to the election of school trustees and other common school district elections." But this contention is purely technical, and attempts to draw an unwarranted distinction between the common school district and a graded school district. Sec. 155 clearly mani-

fested a purpose to take all character of school elections out of the operation of the rules prescribed for and limitations placed upon all other elections. Crook v. Bartlett, 155 Ky., 311.

The contention that the order calling the election should have specified the rate of taxation, if the proposition should carry, can hardly be serious; it would plainly be impracticable for the board to state in advance what rate of taxation might be necessary in years to come for the purpose of taking care of the bond issue.

The contention that the election could not have been legally called at the special meeting of the board is without merit. In the absence of a statutory provision on this subject the board might do anything at a special meeting that it could at a regular meeting.

The election seems to have been called, held and certified in the manner prescribed by law, and the lower court properly sustained a demurrer to the plaintiff's petition.

Judgment affirmed.