# Mollette v. Board of Education of Van Lear Graded District et al.

### (Decided Oct. 18, 1935.)

738

VAUGHAN & KIRK for appellant.
C. F. PACE for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

This is an appeal from a judgment upholding a bond issue of the Van Lear graded common school district.

We shall take up and consider the steps taken, and, as we do so, shall dispose of the questions involved, it being admitted at bar that the appellees are the duly elected and acting trustees and members of the board of education of this district, and that Van Lear is a city of the sixth class.

### The Resolution.

On April 18, 1935, the said board of education, acting under section 4399-47 Ky. Stats., section 42, c. 65, p. 269, Acts of 1934, passed this resolution:

"Whereas, we deem the housing facilities and equipment for the grades 7-12 inclusive, inadequate for proper and best instructional efforts and whereas, too great a rental is now being paid for this building and appurtenances: [$2,183.00 per year]. Be it resolved by the Van Lear School Board of Education; that a bond issue for the purpose of providing adequate and suitable housing facilities and necessary equipment of said building or buildings be voted upon by the legal voters of Van Lear School District in accordance with the constitutional provisions of the State of Kentucky. Be it further resolved by the Van Lear Board of Education; that the bond issue be the maximum amount as allowed under the legal provisions of the State of Kentucky. Be it further resolved; that due written notice be given the voters of Van Lear concerning the bond election and posted in accordance with the legal provisions of the State of Kentucky."

If the Johnson fiscal court had refused to act upon this resolution, this board of education could not have forced it to do so, for this resolution is defective in this, that it does not show that the annual funds raised from other sources are not sufficient to accomplish said purposes, and does not show the board had made a careful estimate of the amount of money required, but, since it does show the board of education did ask that a vote be taken upon a bond issue of the maximum amount allowed by the law, and the Johnson fiscal court did act

favorably upon the resolution, it will be presumed that said court satisfied itself on these scores by matters and means not contained in the resolution, and that defect becomes immaterial, for the order entered by the fiscal court (see it below) shows this information was furnished the court.

A copy of this resolution was promptly certified to the Johnson county fiscal court, which is the proper tax levying authority, and that body on April 24, 1935, took this action thereon:

### Action of the Fiscal Court.

"Whereas, it appears from a resolution and certificate this day filed by the Board of Education of Van Lear, Kentucky, School District, that it is necessary for the proper accommodation of the schools of its district to acquire or enlarge sites for school buildings and grounds; to purchase new sites; to improve, remodel or restore school buildings; or to erect new school buildings or to equip same; and it further appearing that the annual funds from taxes and all other sources received by said district are not sufficient to accomplish said purposes, and it further appearing that the sum of $12,181.00 is needed for the accomplishment of the said purposes, which sum is within the limit provided by the constitution for which bonds may be voted and issued by said School District, and said amount cannot be raised by said district except by the issuance of bonds of said district.

"Now, therefore be it resolved, that an election be held in said Van Lear School District on the 11th day of May 1935 between the hours of 8 a. m. and 6 p. m. at the regular voting places in said district, after giving the notices required by law, submitting to the voters of said district the question whether or not the Board of Education of said district shall issue School Improvement bonds of Van Lear School District to the amount of $12,181.00, for the purposes mentioned above, said bonds not to bear interest in excess of 6% per annum, and are not to run for a longer period than 15 years, the denomination of the said bonds and the date of maturity of each are to be controlled by an ordinance or resolution of the Board of Education of said Van Lear School District to be adopted if said

bond issue carries. The County Judge of Johnson County is ordered to call said election and advertise same as required by law and the County Clerk of Johnson County is directed to have ballots prepared for said election, placing thereon the following question: 'Are you in favor of issuing $12,181.00 Van Lear School District bonds?' Beneath which question he will have the word 'for' opposite which he will have a square for the purpose of voting and underneath the word 'for' he shall have the word 'against' with a square opposite said word.''

It was the duty of the fiscal court under the statute aforesaid to adopt an ordinance or resolution submitting the question to the qualified voters of the district, in other words, to call an election, and it did so.

While the language the fiscal court used is not entirely apt (see resolution above), still the effect of it is to call an election and to authorize the presiding officer of the fiscal court (section 1836, Ky. Stats.), the county judge, and its clerk (section 1835, Ky. Stats.), the county clerk, to see that the order was carried out. In effect, the fiscal court called this election.

### The Notice of the Election.

''Notice is hereby given that an election will be held in the territory embraced within the Van Lear, Kentucky, School District, on the 11th day of May, 1935, on the question of whether the said school district shall issue bonds in the amount of $12,181.00 for the purpose of providing suitable grounds, school buildings, furniture and apparatus for Van Lear School District. The said election shall be held at the regular voting places in said district between the hours of 8 a. m. and 5 p. m. The ballots for the election will be so worded that those approving the issuance of said bonds shall make an X in the square opposite the word 'For' and those opposing shall make an X opposite the word 'Against.' The wording of said question shall be as follows: 'Are you in favor of issuing $12,181.00 Van Lear School District Bonds?' ''

This notice was signed by the county judge of Johnson county and by all five of the members of the board of education of this Van Lear graded school district, and a copy of it was published in the May 10th issue of the Paintsville News, a newspaper of general circulation in this school district, there being no news-

paper published in the district, and six copies thereof 12x12 inches in size were posted by the chairman of the board, one upon the bulletin board of the school and the others at five public and conspicuous places within the school district 15 days next before this election.

The statute under which this election was had provides:

"The bond election, provided for in this act, shall be conducted and carried out in the school district in all respects as required by law for elections in this Commonwealth, and notices thereof shall be given and the election held by the same officers and in all other respects as required by the general election laws of the Commonwealth." Ky. Stats. Supp. 1934, sec. 4399-47.

The general election laws of this commonwealth do not provide for any notice of elections, as they are held at stated times fixed by statutes of which every one must take notice. In the giving of notice of this election it is evident that these parties proceeded under section 4477, Ky. Stats., which is a part of chapter 8, p. 47, Acts of 1922, and may be found on page 47 of Acts of that year, but, by the caption of chapter 65 of the Acts of 1934, it is stated that this section is to be repealed, and in the body of chapter 65 it is repealed.

Thus we have an election called and held upon and pursuant to the notice set out above, but for which there is no statutory provision whatever regarding notice. We could not uphold an election held without notice of any kind, for some sort of reasonable notice must be given, but we now hold that the notice given in this case was reasonable and is sufficient. See Gollar v. City of Louisville, 187 Ky. 448, 219 S. W. 421; 44 C. J. p. 1203 et seq., sec. 4178.

In Wilkerson v. City of Lexington, 188 Ky. 381, 222 S. W. 74, the sheriff had given no notice of the election, and the statute did not require him to do so, and bond issues aggregating $1,200,000 were upheld; the only advertisement being the publication of the ordinances in 18 issues of the Lexington Leader next before the election.

### Time of Holding This Election.

Section 148, Ky. Const., forbids the holding of more than one election per year, but section 148 does not ap-

ply to school elections. See Clark v. Board of Trustees of Dawson Springs Graded School Dist., 164 Ky. 210,. 175 S. W. 359.

By section 1469, Ky. Stats., and section 1482, Ky. Stats. Supp. 1933, the hours for holding this election. are fixed at from 6 a. m. to 4 p. m., and we must presume the election officers followed the law and so held it, despite the fixing of different hours in the call and the notice. But, if it were shown this election was not held at the time fixed by law, the result would not be disturbed, in the absence of evidence that the result was affected thereby. Cochran et al. v. Hays et al., 8 Ky. Op. 503; Anderson v. Likens, 104 Ky. 699, 47 S. W. 867, 20 Ky. Law Rep. 1001; Clark v. Leathers, 5 S. W. 576, 9 Ky. Law Rep. 558; Graham v. Graham, 68 S. W. 1093,. 24 Ky. Law Rep. 548; Hogg v. Caudill, 254 Ky. 409, 71 S. W. (2d) 1020; 44 C. J. p. 1207, sec. 4180.

### The Election.

The appellant attacked the manner in which the election was held and the question was submitted, but there is no proof on this score. If appellant wished to sustain this objection, he should have had here a copy of the ballot, which would have been the best evidence of how the question was submitted. It is admitted an election was held on May 11, 1935, and, in the absence of some evidence of irregularities, it will be presumed. it was regularly held by the proper officers at the proper time and that the question was properly submitted. 44 C. J. p. 1206, sec. 4180.

### The Result.

The election commissioners certified they had canvassed the votes cast and with the following result:

|  | For | Against. |
|---|---|---|
| Upper Van Lear Precinct | 66 | None |
| Middle Van Lear Precinct | 120 | 4 |
| Lower Van Lear Precinct | 115 | 7 |

State of Kentucky County of Johnson, sct.

Election held on the 11th day of May, 1935 in Van. Lear Graded School District.

Total Number of ballots counted as valid ......... 312.
Number of ballots marked 'Spoiled' ............. 3.
Whole number of ballots cast .................. 315.

This board of education met upon July 11, 1935,. and at that meeting adopted the following resolution:

### The Resolution.

"Whereas: by a resolution duly introduced, read, adopted by it and entered of record in its minutes at a meeting duly called and held on the 18th day of April, 1935, it was deemed and found necessary by it for the accommodation in a proper manner of the schools of said city that funds be procured for the payment of the cost of enlarging and acquiring sites for school buildings and the erecting, improving, remodeling and rebuilding buildings for school purposes, and that the annual funds to be raised from other sources than the issuance of bonds were not sufficient to accommodate said purposes, and that it was found necessary that the Van Lear School District incur an indebtedness and issue bonds for the purpose of securing the necessary funds for said purpose and that in said resolution it was requested that the amount of the bond issue be the maximum amount allowed under the constitutional debt limitations of the State of Kentucky. This amount is the sum of Twelve Thousand One Hundred Eighty-One Dollars [$12,-181.00].

"Pursuant to the above resolution, the Johnson County Fiscal Court by proper orders, approved of said bond issue on the 24th day of April, 1935, ordered that a bond election be held in the Van Lear School District on the 11th day of May, 1935. There was submitted to the qualified voters of the Van Lear Graded Common School District, the proposition and question, 'Are you in favor of issuing $12,181.00 in Van Lear Graded Common School District Bonds?'

"At said election, 312 voters of said school district cast their ballots. Three hundred and one voters of said district voted in favor of incurring said indebtedness and issuing said bonds. Eleven voters voted against incurring said indebtedness and against issuing said bonds. Result of said election having been duly canvassed as required by law, its result and the votes cast thereat on said proposition were duly certified by the proper officers in the manner required by law.

"Be it further resolved; that said bonds be issued in the amount of Twelve thousand one hun-

dred and eighty one dollars [$12,181.00] and that they bear interest at the rate of 6% [six per cent] per annum, interest payable semi-annually on the first day of August in the year 1936 and on the same dates of each year thereafter until the bonds are liquidated.

"In addition to the regular assessment of $1.25 per hundred dollars for general school purposes, we hereby levy a tax of $0.30 per hundred dollars of assessed valuation of property within the said school district for the purpose of retiring the above mentioned bonds and the payment of interest on the same. This maximum assessment of $0.30 per $100.00 of assessed valuation shall apply on the assessment for the year 1935.

"Be it further resolved: that said bonds mature serially in the following manner: $1,200.00 to become due August 1, 1936; $1,200.00 to become due August 1, 1937; $1,200.00 to become due August 1, 1938; $1,200.00 to become due August 1, 1939; $1,-200.00 to become due August 1, 1940; $1,200.00 to become due August 1, 1941; $1,200.00 to become due August 1, 1942; $1,200.00 to become due August 1, 1943; $1,200.00 to become due August 1, 1944; and $1,381.00 to become due August 1, 1945.

"Said bonds are to be designated as 'School Improvement Bonds' and may be sold at either private or public sale to the purchaser paying the highest amount of money, but are not to be sold for less than par and accrued interest."

This resolution is not entirely in accord with the statute, for in it the board of education attempts to levy a tax for the payment of the bonds. This it had no power to do. That must be done by the fiscal court, and that was later done, as we shall show below. We shall treat this action of the board of education as a request by it of the fiscal court that the latter body levy such a tax. That is the way the fiscal court treated it, for here is what it did on July 20, 1935:

"It appearing to the satisfaction of the court, from the budget presented by the Board of Education of Van Lear Graded Common School District, that it is necessary for the purpose of carrying on the schools of said district and to retire the bonds in the sum of $12,181.00 of said district that the fol-

lowing tax levy be made for said district: 30 cents on each $100.00 assessed value of taxable property in said district for the purpose of providing a sinking fund to retire and pay interest on the said bonded indebtedness, and for no other purpose. * * * And said above mentioned levy is hereby made for said district.''

It will be observed this resolution did not comply with the statute in this further particular, that it merely stated the sum to become due each year and did not give the number of the bonds, did not state the date, the denomination, whether registered or coupon bonds, or name the place for payment of either the interest or principal.

### The Amendment.

The board's attention being called to this, it on July 16, 1935, adopted this amendment:

''Be it resolved: that the resolution passed on by the Van Lear Graded Common School District Board of Education on the 11th day of July, 1935 be amended insofar as the denomination of the bonds mentioned therein are concerned.

''Said bonds shall be issued in the amount of $12,181.00 and shall be retired in the following order:

''Two $500.00 bonds and two $100.00 bonds due August 1, 1936; two $500.00 bonds and two $100.00 bonds due August 1, 1937; two $500.00 bonds and two $100.00 bonds due August 1, 1938; two $500.00 bonds and two $100.00 bonds due August 1, 1939; two $500.00 bonds and two $100.00 bonds due August 1, 1940; two $500.00 bonds and two $100.00 bonds due August 1, 1941; two $500.00 bonds and two $100.00 bonds due August 1, 1942; two $500.00 bonds and two $100.00 bonds due August 1, 1943; two $500.00 bonds and two $100.00 bonds due August 1, 1944; two $500.00 bonds and three $100.00 bonds and one $81.00 bond to become due August 1, 1945.

''Said bonds shall bear interest at the rate of 6% per annum, interest payable semi-annually on February 1 and August 1 of each year of the above mentioned years at the places specified on the face of the bonds.''

This amendment cured some of the defects cited, but still fails to comply with the statute in some particulars. The date of these bonds has never been definitely given, but from the well-fixed dates of the maturities of the payments of principal and interest it can be inferred the date of these bonds is fixed at August 1, 1935. Neither this resolution or amendment attempts to say whether these are to be registered or coupon bonds which the statute says shall be done, nor does either this resolution or the amendment fix the place where payment of either principal or interest shall be made.

We notice, however, that the statute provides these matters may be embodied in either the bonds or in the ordinance providing for their issue. Because we do not find it in this ordinance or resolution of the board does not mean these things do not appear in the bonds. If the appellant wants to successfully resist the issue of these bonds, he should bring forward evidence of their illegality. He does not show enough when he shows these things are not in the ordinance or resolution of the board; he should show also such things are not in the bonds, for the statute provides they may be in either place, and, in the absence of a copy of one of these bonds, we will presume these things are in the bond, else our contestant would have brought a copy here.

The statute makes it the duty of the fiscal court to have these bonds prepared and executed, and we must presume that court will do its duty and have them properly prepared.

## The Amount of this Issue.

The appellant has attacked this bond issue because it is, as he says, in excess of the constitutional limit of the indebtedness this district may incur. The proof shows this district owes no other money, and this issue of $12,181 is within the constitutional limit, for, by section 158 of Ky. Const., the indebtedness that may be incurred by this district is limited to 2 per cent. of the value of the taxable property therein, to be estimated by the assessment next before the last assessment previous to the incurring of the indebtedness. That means the assessment of this district for the year 1934 and the proof shows that to be:

Total assessed value of property subject to
    local tax for 1934 .....................$411,769.00
Total assessed value of property subject to
    franchise tax for 1934 ................ 207,250.00

Total assessed value of all property subject
    to Van Lear Graded School tax for 1934 $619,019.00

Since the district was permitted to become indebted in a sum that did not exceed 2 per cent. of this, which would be $12,380, it follows that the $12,181 provided for was not excessive, for it is within the limit.

### Suggestion.

When a man is undertaking to arrange for a bond issue of this kind, he should seek out the statute under which he must proceed, read it carefully, and pursue closely the path there outlined.

The one who proposes to contest such a bond issue should then start in where his adversary did and trail him step by step, and, whenever he finds his adversary has left the path, he should note such misstep and get evidence thereof and of the effect thereof before the court. It would be time well spent for both of them to read 19 R. C. L. p. 997 et seq. and 44 C. J. p. 1194 et seq.

Judgment affirmed.

Whole court sitting.