# Thomson et al. v. Tafel et al.

March 18, 1949.

Peter, Heyburn & Marshall, John G. Heyburn, and Gavin H. Cochran for appellants.

Dodd & Dodd, Carl K. Helman, and Samuel Rosenstein for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

In a zoning ordinance adopted by the City of Louisville in 1931, a large area in the eastern section of the City adjacent to Cherokee Park was classified as an "A" Single Family Residential District. The appellee Mrs. Edith Somers Taylor owns a tract of about 14 acres of land in this zoned area. On the tract is a 26-room residence. The appellee Louisville Hebrew Home, a corporation, agreed to purchase the Taylor property upon condition that such a change in the zoning of the property could be effected as would permit its use as a home or institution for the aged. On May 3, 1948, Mrs. Taylor applied to the building inspector of the City of Louisville for a certificate of occupancy to permit the use of the property as a home for the aged, and the building inspector refused to issue the certificate. Mrs. Taylor then filed with the Louisville & Jefferson County Board of Adjustment and Appeals an application for a zoning variance under paragraph 3 of section 20 of the zoning ordinance of 1931, with a view to securing a certificate of occupancy authorizing the use of the Taylor property as a home or institution for the aged. A hearing on the application was conducted by the Board on May 12, 1948. A large number of owners of real estate adjacent to the Taylor property appeared at the hearing, and protested the granting of the application for a zoning variance. Among the protestants were the appellants Louise W. Thomson and William A. Thomson, Jr., her husband, and Glen E. VanSlyke and Pauline VanSlyke, his wife. Mrs. Thomson and her husband own 5½ acres of land adjoining the Taylor property on the north. On the Thomson land is a large residence which the Thomsons have occupied for many years as their home. The appellants Glen VanSlyke and his wife own 2½ acres of land which is adjacent to the Taylor property on the northwest, and is separated from it by a street, Woodford Place. The VanSlyke property is unimproved, but prior to the application for a change in zoning of the

Taylor property the VanSlykes had contracted for the construction of a residence on their land costing not less than $40,000. On June 9, 1948, the Board of Adjustment and Appeals adopted a resolution granting Mrs. Taylor's application. The resolution is as folows:

"Whereas, this Board is authorized by the Zoning Ordinance to permit institutions of a philanthropic nature in any zoning district; and

"Whereas, due to the size and type of applicant's residence, it is no longer practical to maintain the building as a single family dwelling; and

"Whereas, the use of the building as proposed, due to its location and the area of the property, will not adversely affect the surrounding residential neighborhood; and

"Whereas, the applicant agrees to certain restrictions as to the future use of the property; it is

"Resolved, that the application be and is hereby granted on condition that the deed conveying the property to the Louisville Hebrew Home contains the restrictive covenants as set forth in a letter to the Board of Adjustment and Appeals from Allen P. Dodd, Sr., and Carl K. Helman, dated May 13, 1948, which are as follows:

"As a part of the consideration of this, deed, the party of the second part agrees for itself, its successors and assigns, that said above tract of land shall be used as an institution of a philanthropic nature, other than that of a correctional nature, and without profit, and if the second party should sell or convey any part of said property not used by it, or all of said property, the purchaser or purchasers thereof, or successor purchaser or purchasers thereof, shall use the property in accordance with the terms and provisions of the zoning ordinances and regulations with reference to adjoining property in that particular area within the City of Louisville that are in force and effect at the time of the sale, meaning thereby that no part of said property, if sold by the purchaser or its successors or assigns, shall be used except for single family residences unless and except the area is rezoned for other uses and purposes, and then only for such other uses and purposes as are

provided by the ordinances adopted by the City of Louisville in the future with respect to this property and the adjoining property.

"And on the further condition that the property be restricted to the uses as set forth in a letter to the Board of Adjustment and Appeals from Carl K. Helman, dated May 14, 1948, which are as follows:

"That the ordinance, which is now pending to change the present zoning of the property, will be immediately withdrawn and so long as the use is continued, no ordinance concerning the rezoning of the premises will be introduced by the owners of the land; that no laundry will ever be placed in the garage on the premises; no hospitalization facilities will be maintained on the premises; no bedridden guests will be admitted; no additional structures or additions to present structure will be made without permission of the Board of Zoning Adjustment and Appeals, or their successors, and that the existing main buildings be used only for the purpose of caring for aged and indigent persons, and staff, or as permitted by the existing zoning regulations in effect."

Thereupon Mr. and Mrs. Thomson and Mr. and Mrs. VanSlyke, pursuant to KRS 100.085, filed in the office of the clerk of the Jefferson Circuit Court a statement of appeal. The appellees, Mrs. Edith Somers Taylor and Louisville Hebrew Home, filed a demurrer to the statement of appeal, the demurrer was sustained, and, the appellants having declined to plead further, the order of the Board of Adjustment and Appeals was affirmed and the appeal dismissed. From that judgment this appeal is prosecuted.

It is first argued that the court was without authority to dispose of the case on demurrer, since the statutes on the subject mandatorily require the court to hear evidence. KRS 100.085(2) provides that after an appeal is taken from a ruling of the Board of Adjustment and Appeals the procedure shall be the same as provided in KRS 100.057 with reference to appeals from actions of the Zoning Commision. KRS 100.057(2) provides that the procedure shall be the same as in common law actions, and hearings in the Circuit Court shall be de novo and heard by the judge. Certainly the judge has author-

ity to determine on demurrer, as in any common law action, whether or not the facts stated in the statement of appeal, if proved, would entitle the appellants to the relief sought. The statement of appeal is in five paragraphs. Paragraph 1 sets forth the history of the proceedings, and alleges that the order appealed from is illegal and does not carry out the purposes and is contrary to the intent of KRS 100.031 and of the joint City and County planning and zoning plans and regulations adopted pursuant to the statute. Paragraph 2 alleges that the order is contrary to public policy and void in that it permits the use of a single tract of land located within a large area zoned as an "A" One-Family Residential District for institutional purposes, and constitutes spot zoning. Paragraph 3 alleges that the order was adopted under the ostensible authority of paragraph 3 of section 20 of the zoning ordinance of July 8, 1931, which is void because the City Council was without statutory authority to adopt it, such authority not being conferred by KRS 100.082, which defines the powers and duties of the Board of Adjustment and Appeals. Paragraph 4 alleges that the order deprives the owners of real estate affected thereby, including the appellants, of property without due process of law in contravention of the provisions of the Fourteenth Amendment of the Constitution of the United States and of section 13 of the Constitution of Kentucky, and therefore is void because "Neither Chapter 100 of the Kentucky Revised Statutes, nor the aforesaid ordinance adopted and approved July 8, 1931, nor any other statute or ordinance, contains any provision requiring the Board to give notice in advance of the Board's meetings to owners of real estate who will or may be adversely affected by the resolutions or orders adopted or entered at such meetings." Paragraph 5 alleges that the order is illegal, arbitrary and discriminatory because it permits an institutional use of property in "A" One-Family Residential District.

The essence of appellants' case is found in paragraphs 3 and 4 of their statement of appeal. The remaining paragraphs contain only conclusions of law. Paragraph 3 of the statement of appeal alleges that the Board of Adjustment and Appeals granted the zoning variance here in question under authority of paragraph

3 of section 20 of the zoning ordinance, and that that paragraph of the zoning ordinance is void because in enacting it the Board of Aldermen exceeded the authority delegated to it by the General Assembly in KRS 100.082(3). The zoning ordinance adopted in 1931, pursuant to the statutes then in force, provides that "in the 'A' One-Family District no building or land shall be used and no building shall be hereafter erected or structurally altered, unless otherwise provided in this ordinance, except for one or more of the following uses." Then follow ten exceptions, including museums, libraries, parks, playgrounds or community centers owned and operated by the City of Louisville, one-family dwellings, churches, schools, and golf courses. Section 20 of the ordinance provides:

"The Board of Adjustment and Appeals of Louisville may, in cases where it is exceptionally difficult if not impossible to comply with the exact provisions of this ordinance, make such variation as will prevent unwarranted hardship or injustice and at the same time most nearly accomplish the purpose and intent of the regulations of this ordinance.

"Said Board shall especially have the following powers in addition to those specifically granted by Statute: * * *

"(3) To permit the location of the following uses in a district from which they are prohibited by this ordinance: * * * institutions of an educational or philanthropic nature."

The zoning ordinance was adopted pursuant to Chapter 86 of the Acts of 1930, sections 3037h-111 to 3037h-137, inclusive, of Carroll's Kentucky Statutes, 1936 Edition. Section 12 of the Act prescribed the powers and duties of the Board of Adjustment and Appeals, and apparently gave to it broader powers than does the present statute, KRS 100.082(3), which was enacted in 1942. Acts of 1942, Chapter 176, section 10. Section 12 of the 1930 Act provided that the City Council should provide for the appointment of a Board of Adjustment and Appeals, and in the regulations and restrictions adopted pursuant to the authority of the Act might provide that the Board of Adjustment and Appeals

might, "in cases where it is exceptionally difficult if not impossible to comply with the exact provisions of the ordinance, make such variations as will prevent unwarranted hardship or injustice and at the same time most nearly accomplish the purpose and intent of the regulations of the zoning plan." The Act provided that the Board of Adjustment and Appeals should have the following powers:

"(a) To hear and decide appeals where it is alleged there is error in any order, requirement, decision, or determination made by an administrative official in the enforcement of this act or of any ordinance adopted pursuant thereto.

"(b) To hear and decide special exceptions to the terms of the ordinance upon which such board is required to pass under such ordinance.

"(c) To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, the enforcement of the provisions of the ordinance will result in unwarranted hardship and injustice, but which will most nearly accomplish the purpose and intent of the regulations of the zoning plan."

Under this Act the Board of Aldermen undoubtedly had the authority to enact paragraph 3 of section 20 of the zoning ordinance, and to empower the Board of Adjustment and Appeals to permit the location of institutions of a philanthropic nature in "A" One-Family Districts. The Board of Aldermen could have permitted such use without limitation in its zoning ordinance, but the delegation to the Board of Adjustment and Appeals of the power to permit such use in its discretion was not in excess of the authority conferred on the Board of Aldermen by the statute then in force. Section 1 of the 1942 Act, now KRS 100.035, preserves the ordinances adopted under the 1930 Act. The pertinent part of the section reads:

"Any and all existing planning and zoning plans, ordinances, resolutions or orders, and regulations and restrictions, or amendments thereof, in effect within the respective territorial jurisdictions of such county and

such city shall continue and remain in full force and effect until superseded by new planning and zoning plans, ordinances, resolutions or orders, regulations and restrictions, approved and adopted as herein provided."

The Board of Adjustment and Appeals supplies the "safety valve" function necessary to make a zoning plan effective and at the same time avoid arbitrariness. The legislative body of the City cannot foresee the exceptional cases that can arise in the administration of a zoning ordinance, and it has been found necessary to create a board of appeals to make variances in proper cases. In the present case, the order of the Board was not actually the granting of a variance, but was a granting of the use of property permissible under the zoning ordinance but subject to approval by the Board of Adjustment and Appeals. The order did not change any provision of the zoning ordinance, but merely applied the existing law as the Board was authorized to do and the act of the Board did not, therefore, constitute spot zoning, which distinguishes this case from Polk v. Axton, 306 Ky. 498, 208 S.W.2d 497.

Appellees argue that the police power does not extend to and embrace the authority to exclude from a class "A" One-Family Residential District the use of property, like that here involved, as a home for aged people, and they cite Village of University Heights v. Cleveland Jewish Orphans' Home, 6 Cir., 20 F.2d 743, 54 A.L.R. 1008, writ of certiorari denied 275 U.S. 569, 48 S.Ct. 141, 72 L.Ed. 431; Women's Kansas City St. Andrew Society v. Kansas City, Missouri, 8 Cir., 58 F.2d 593, and State of Washington v. Roberge, 278 U.S. 116, 49 S.Ct. 50, 73 L.Ed. 210, 86 A.L.R. 654, but in view of what has been said we do not reach that question.

Appellants insist that the Board's order is void because the statute and ordinance under which it was entered violates the due process clauses of the Federal and State Constitutions, since neither the statute nor ordinance requires the Board to give notice of the meetings at which its orders are entered, nor to afford property owners whose rights may be affected an opportunity to be present and heard at such meetings, to compel the attendance of witnesses in their behalf nor to cross-examine adversary witnesses. KRS 100.082 empowers the

Board of Adjustment and Appeals to hold hearings, and KRS 100.042 provides that the Board shall hold, at least, one regular meeting in each month, and shall adopt rules and regulations for the transaction of business. It was not alleged that the Board had not adopted a rule providing for notice to property owners whose rights might be affected by a hearing. On the contrary, it is conceded that such a rule had been adopted, and that all interested parties received notice in the present proceeding. It is not claimed that the notice given was not sufficient. Where the statute does not prescribe the character of the notice, some sort of reasonable notice must be given. Mollette v. Board of Education, 260 Ky. 737, 86 S.W.2d 990. Cf. Louisville & Jefferson County Planning & Zoning Commission v. Ogden, 307 Ky. 362, 210 S.W.2d 771.

In view of the provisions of the zoning ordinance of 1931 heretofore mentioned, no facts are alleged by appellants showing that the contemplated use of the Taylor property is out of harmony with the general plan designed to secure and promote the public interest; nor that the order of the Board of Adjustment and Appeals will do substantial injustice to other owners in the district. It does not appear that the Board's action was arbitrary or discriminatory or that the Board abused the discretion vested in it, and unless it so appears the courts will not disturb its decisions. Crain v. City of Louisville, 298 Ky. 421, 182 S.W.2d 787; Selligman v. Von Allmen Bros., 297 Ky. 121, 179 S.W.2d 207; Smith v. Selligman, 270 Ky. 69, 109 S.W.2d 14.

The Circuit Court properly dismissed the statement of appeal, and the judgment is affirmed.