**Craig R. SCHMIDT et al., Appellants,**

**v.**

**C. Thomas CRAIG et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 16, 1962.

H. B. Kinsolving, III, Kinsolving & Kinsolving, Shelbyville, for appellants.

Bernard B. Davis, Shelbyville, for appellees.

STEWART, Chief Justice.

This is an appeal from a judgment of the Shelby Circuit Court, affirming the action of the board of zoning adjustment (herein called "the board") of the City of Shelbyville which granted a special exception to the city's zoning ordinance to Everett Hall to operate a funeral home in a district zoned as residential.

On November 8, 1960, J. Hayden Igleheart, the owner of a residence located at

1185 West Main Street in Shelbyville, and Everett Hall, a prospective purchaser of the property, appeared before the board with a formal request that it permit a special exception to the zoning ordinance to allow the property, which is located in a district zoned residential, to be used as a funeral home. This exception was ordered.

No notice to adjoining landowners or to others was given, so this proceeding was ex parte. On the following day, appellants, Mr. and Mrs. Craig R. Schmidt, adjoining landowners, became informed of the action of the board and asked for a rehearing on the matter. This was granted. On November 18, 1960, a new hearing was held on the special exception, with appellants' witnesses testifying that the value of the surrounding residential property would be decreased; that the beauty of the neighborhood would be destroyed; and that traffic hazards and congestion would be increased substantially, pointing out that the funeral home would be located at a "T" intersection. Mrs. Schmidt testified that the whole way of life of her family would be radically altered by the operation of a funeral home next door to her residence.

Everett Hall appeared and testified as to his contemplated use of the property, which included a double driveway on the east side, a single drive on the west adjacent to the Schmidts, and an expansion of the parking area in front of the garage; but added he planned no immediate change to the exterior of the building. He stated that the doors and windows of the building could be kept closed due to air conditioning; that the west door would have a minimum use; that there was no intention to cut down unnecessarily shrubbery and trees; and that use of the property as a funeral home would not affect the value of the adjacent property.

The board affirmed its original action. On an appeal, the circuit court found the board had authority to grant the exception in controversy under an ordinance that fully empowered it to do so, and that it had before it substantial and adequate evidence to warrant its conclusion that a funeral home could be operated on the property without impairing the residential character of the neighborhood. The court also determined that the board's action was neither arbitrary nor discriminatory and did not constitute an abuse of discretion. It further ruled that failure of the board to give notice of the November 8th meeting did not invalidate its action, since the protestants were afforded an adequate hearing at the November 18th meeting. Appellants' motion for a stay of proceedings on the judgment was overruled.

On this appeal, appellants urge reversal of the judgment because:

1. There was a failure to notify any of the parties affected by the proceedings.

2. The board abused its discretion in granting the special exception, not using the proper standards in arriving at its decision but arbitrarily bestowing a favor on the applicants, to the detriment of the public generally and of appellants specifically.

■ It is not in dispute that the first hearing on November 8, 1960, was an ex parte proceeding without notice to anyone. However, appellants learned what had transpired and, through their counsel, asked for a hearing which was granted. The hearing they were given was held on November 18th thereafter, and they appeared and participated in person and by counsel and introduced witnesses who testified in their behalf. The new hearing was virtually a de novo airing of the whole question. Under the circumstances, we are unable to comprehend how appellants were prejudiced by a lack of actual notice of the first meeting of the board, because a full hearing was later afforded them at their request at which they were given a complete opportunity to present their reasons for opposing the board's action.

■ Our next inquiry concerns the contention as to whether the board abused its

discretion in granting a special exception. KRS 100.560(1) states that the board of adjustment, such as the one before us, "* * * may make special exceptions to the terms of the (zoning) ordinance in harmony with its general purpose and intent and in accordance with general or specific rules contained in the ordinance." KRS 100.520 sets out the purposes of zoning regulations and includes lessening of traffic congestion, securing of public safety, promoting health and the general welfare, providing adequate air and light, preventing overcrowding of land, avoiding undue population concentration, and facilitating adequate provision of transportation, water, sewerage, schools, parks and other public requirements. These regulations are to be made after a reasonable consideration of the character of the district, its suitability for particular uses, and "with a view to conserving the value of the buildings and encouraging the most appropriate use of land."

The pertinent uses and changes permitted under the general provisions applicable to residential districts contained in the zoning ordinance enacted by the legislative body of the City of Shelbyville are:

"51.11 Single and multiple family dwellings, customary general horticultural uses, and buildings incidental thereto.

"51.12 The following uses are *special exceptions* and require written approval of the board of zoning adjustment: Churches and other places of worship, parish houses, nurses homes, fraternities, public libraries, schools offering general educational courses, public parks and non-commercial public recreational facilities, municipal, county, state or federal use, public utilities, funeral homes, cemeteries, hospitals for human care, philanthropic institutions and clubs, except a club the chief activity of which is customarily carried on as a business, animal or poultry farms, greenhouses and kennels. The board of zoning adjustment must attach certain conditions to its approval which it feels are necessary requirements in order to preserve and protect the character of the district in which the proposed use would locate."

This Court in Kline v. Louisville & Jefferson County Board, Ky., 325 S.W.2d 324, pointed up the difference between a "variance" and an "exception," as to the possibility of invoking the one or the other in connection with a zoning change, and laid down the broad rule that a "variance" is the authority extended to an owner to use his property in a manner forbidden by a particular zoning enactment, while an "exception" gives him permission to put his property to a use which a zoning enactment expressly allows.

■ As already noted, KRS 100.560(1) empowers the legislative body of a city such as Shelbyville to enumerate and define by ordinance those special zoning matters which the board of adjustment may be allowed to pass upon and grant. It is also the rule, as the Kline case states, that the granting of an exception is not contingent upon the existence of either a difficulty or a hardship.

■ The subsections of the ordinance under consideration provide, first, that the area which includes appellants' property shall be restricted to single and multiple family dwellings; and, next, that the board shall have the power to grant various types of exceptions, among which is included a funeral home. The only limitation imposed upon the board by the ordinance is that it should preserve and protect the character of the neighborhood in which the proposed use is to be located.

The record discloses that the Schmidt property and the property in controversy are located on the north side of Main Street in Shelbyville, between Alton Road and Adair Avenue. The next block eastwardly extends between Alton Road and

11th Street. Within the next block on the north and on the same side of the street as the Schmidt property are located the Shelbyville High School and the present funeral home operated by Everett Hall (the same person to whom the instant permit was granted). On the opposite side of Main Street between 11th and Magnolia Streets (Alton Road does not cross to the south side of Main Street) are situated the Kentucky Utilities Company business office and the Shannon funeral home.

There is no showing in this case that the board acted in an arbitrary and discriminatory manner but rather that it acted well within its authority and discretion upon adequate and substantial evidence. We conclude, as did the board and the circuit court, that the use of the property in controversy for a funeral home will not alter the general character of the neighborhood as it now exists.

Wherefore, the judgment is affirmed.