163 So.2d 458 (1964)
Hewett M. REEVES et al., Plaintiffs-Appellants,
v.
NORTH SHREVE BAPTIST CHURCH et al., Defendants-Appellees.
No. 10165.
Court of Appeal of Louisiana, Second Circuit.
April 1, 1964.
Rehearing Denied April 30, 1964.
*459 Peters, Tuck & Ward, Shreveport, for appellants.
Brown & O'Hearn, Shreveport, for North Shreve Baptist Church.
John A. Richardson, Shreveport, for Caddo Parish Police Jury.
Ferdinand A. Cashio, Shreveport, for Atty. Gen., Jack P. F. Gremillion.
Before GLADNEY, AYRES and BOLIN, JJ.
GLADNEY, Judge.
This action was brought by a number of homeowners[1] residing outside the City of Shreveport but within the Metropolitan Zoning Area of the City, seeking relief from the action of the Metropolitan Shreveport Zoning Board of Appeals, as affirmed by the Caddo Parish Police Jury, in approving the application of the North Shreve Baptist Church for a "special exception" to locate a religious structure adjacent to family homes in an area zoned "R-1" residential for single family dwellings. The matter was heard on rule for a preliminary injunction in the district court, after which the court denied a preliminary injunction without giving consideration to certain constitutional issues raised and specially plead by plaintiffs. The case was again heard on the merits where the constitutional questions were presented and judgment was rendered dismissing plaintiffs' demands. This appeal followed.
The North Shreve Baptist Church made application to the Metropolitan Shreveport Zoning Board of Appeals for a special exception use of land located on the Old Mooringsport Road outside of the City of Shreveport but within the five-mile limit covered by the said zoning ordinance, to use the said property for a church. The application stated that there was a structure on the said land in use at that time as a grocery store, and the applicant sought permission to use the then existing store building as a church temporarily pending completion of plans for a future auditorium. In due course, following published *460 notice, public hearing was held before the Board of Appeals on April 18, 1963, and, subsequently, on May 15, 1963, the application was approved subject to the conditions set forth as follows:
"A motion was made by Mr. Carmody, seconded by Mr. Bridges, to approve this application for site purposes, subject, however, to these conditions: (1) The existing parking area will be hard-surfaced, and that by July 1, 1964, the church will submit to this board permanent building plans for approval. (2) The existing grocery store building will be used for church purposes only until the permanent building is built and in any event, no longer than July 1, 1965, at which time the existing building will be removed. (3) No outward additions will be made to the existing building other than painting, cleaning it, and doing appropriate repairs so that its overall outward appearance will not be substantially altered. (4) While the temporary building is being used, only a small sign, in good taste, will be utilized."
From this decision by the said Board of Appeals an appeal was taken by one of the petitioners herein to the Caddo Parish Police Jury and the appeal came up for hearing on July 10, 1963, and was affirmed with the added modification or requirement "that a six-foot board fence be constructed along the property line from a point 30 feet from the road right-of-way to a point sufficient to screen the Reeves and McCarthy residences." (Reeves and McCarthy being two of the petitioners herein). This suit was then instituted on August 2, 1963.
In specification of errors charged to the judgment, appellants complained that the lower court erred (1) in not decreeing unconstitutional the "special exception" portions of the Shreveport Zoning Ordinance, together with the enabling act; and (2) in not finding that the "conditional zoning" granted by the Board of Appeals and the Police Jury was null and void as being beyond the scope of the powers granted these bodies.
Counsel assert that their position on the constitutional issues so raised rests upon the premise that "nowhere within its four corners does the zoning ordinance in question nor the enabling act contain any standards, guideposts or uniform rules, to guide the Board of Appeals in determining under what circumstances or conditions a special exception use application shall be granted or denied, but, to the contrary, allows the Board to make the granting of the special exception use subject to any terms or conditions as may be fixed by the Board; gives the Board the apparent authority flatly to grant or deny the said applications, or to grant the application for special exception use subject to terms and conditions, without any guidepost or standards whatsoever to guide that agency in its determination." The pertinent portions of the ordinance questioned by appellants with reference to special exception use are:
"The zoning ordinance may provide that the board of appeals may permit special exemptions (sic) to the zoning regulations in the classes of cases or situations and in accordance with the principles, conditions, safeguards, and procedures specified in the ordinance. The ordinance may also authorize the board of appeals to interpret the zoning maps and pass upon disputed questions of lot lines or district boundary lines or similar questions as they arise in the administration of the zoning regulations. * * *
"The Board of Appeals shall have the following powers:
* * * * * *
"(2) To hear and decide, in accordance with the provisions of any such ordinance, request for special exceptions or for interpretations of the map or for decisions upon other special questions upon which such board is authorized by any such ordinance to pass." [Act 34 of 1954, Sec. 32]
*461 Section VII(C) (6c) of Ordinance 798 of 1957 of Caddo Parish also prescribes:
"Powers of the Board * * *.
"(c) Special Exceptions. To authorize, in specific cases where the ordinance calls for review and determination by the Board, such special exceptions as will permit the construction and use of a building or building group or the use of land in accordance with a definite site plan. Special exceptions shall be subject to such terms and conditions as may be fixed by the Board."
Likewise, the ordinance declares, with reference to the authority of the said Board of Appeals as to special exception uses:
"Special Exception Uses. The uses listed below are subject to the same approval of location and site plan as uses requiring planning commission approval; in addition, these uses are declared to possess such characteristics of unique or special form that each specific use shall be considered an individual case and shall be subject to approval of the Board of Appeals in accordance with the provisions of Section VII governing Special Exceptions:
"Church, including Parish House, Community House, and Educational Buildings."
Also, in setting forth the powers and authority of the Board of Appeals the ordinance provides as follows:
"c. Special Exceptions. To authorize, in specific cases where the ordinance calls for review and determination by the Board, such special exceptions as will permit
the construction and use of a building or building group
"or the use of land in accordance with a definite site plan.
"Special exceptions shall be subject to such terms and conditions as may be fixed by the Board." [Section 11(b), (2) (a) (3), Ordinance No. 184 of 1957, City of Shreveport]
The zoning ordinance of Caddo Parish, No. 798 of 1957, as amended, dealing with churches provides as follows:
"R-1 districts: One family residence districts. These districts are composed mainly of areas containing one-family dwellings and open areas where similar residential developments seem likely to occur; few two-family and multiple-family dwellings are found in these areas. The district regulations are designed to protect the residential character of the area by prohibiting all commercial activities; to encourage a suitable neighborhood environment for family life by including among the permitted uses such facilities as schools and churches, and to preserve the openness of the areas by requiring certain minimum yard and area standards to be met."
In this connection the provisions of the LSA-Constitution, amended by Act Nos. 519 and 529 of 1962, ratifying Act 34 of 1957, indicates the comprehensiveness of the zoning statute:
"The Parish of Caddo is authorized to zone its territory, to create various types and kinds of residential, agriculture, commercial, industrial, and business districts (including transition, neighborhood, community and central business districts), and to protect those districts by regulating the intrusion of incompatable land uses, and to prohibit the establishment of places of business in residential districts. The rights and powers herein granted to the Parish of Caddo shall not extend more than five (5) miles beyond the city limits of the City of Shreveport as such City exists or may exist in the future." [Art. 14, Section 29(e).]
*462 The argument of counsel for appellants is that in order to grant such special exception use the ordinance must provide guideposts or rules which would require conformation, and that such a requirement is essential in order to have uniformity and prevent discrimination. It is desirable, however, with respect to special exception use that a zoning ordinance permit reasonable discretion in the administrative authorities, otherwise, certain properties would be rendered entirely useless due to the fact that the ordinance precluded reasonable exceptions. The Board of Appeals and the Police Jury must have a certain amount of flexibility as to variations of exceptional or unusual use conditions, to prevent unfairness in the administration of the ordinance. The exception or special exception use presents a problem of "the individual case". Vol. 101 C.J.S. verbo Zoning § 271, discusses the subject:
"In some jurisdictions zoning boards or other bodies or officials, in addition to their authority to grant or recommend variances, are empowered to grant `exceptions' or `special exceptions' to zoning ordinances to the extent and under the circumstances specified in such ordinances; and an `exception,' within the meaning of zoning ordinances, has been defined as a dispensation permissible where the board of zoning appeals finds existing those facts and circumstances specified in the ordinance as sufficient to warrant a deviation from the general rule. Exceptions fulfill the practical recognition that certain uses of property are compatible with the essential design of a particular zone although the use is contrary to the restrictions imposed thereon.
"The jurisdiction of a board or other agency to act under this power is original. An application for such a special exception may be made directly to the board and is addressed to its discretion, within the latitude fixed by the provisions as to the granting of special exceptions; and the power is to be exercised pursuant to the standards stated in the ordinance.
"The conditions permitting an exception must be found in the regulations themselves, and these conditions, if any, may not be altered. All that is necessary for the grant of an exception is that it be within the scope of the authorization contained in the ordinance and constitute a proper exercise of the sound discretion of the board; and it has been held that the only function of the board is to determine whether the requirements set forth in the authorizing provision have been met.
"While a provision in a zoning ordinance granting to the appropriate agency the power to grant special exceptions to such legislation, to the extent and under the circumstances specified therein, gives flexibility to the application of the ordinance, the extent of the power granted under a particular ordinance depends on the language employed therein. The grant of power must be strictly construed; and the power is strictly limited to the situations provided for by the statute and in the ordinance. However, where the provision authorizing the granting of special exceptions is clear and unambiguous, it requires no construction. Accordingly, in granting special exceptions the board of zoning appeals must consider the factors set out, and its action must be reasonable in the light of these and all other pertinent facts."
The same authority states the general rule to be followed in the exercise of the power of the party administering the ordinance to grant such an exception, stating:
"It is improper to deny a variance to which the applicant is clearly entitled; but a variance should be granted only if reasonable and within the scope of the authority granted." (101 C.J.S. Zoning § 285, page 1054)
*463 In the exercise of authority granting a request for a variation of the application of the zoning regulation, American Jurisprudence makes this comment:
"§ 198.Exercise of Authority. In determining whether to grant a request for a variation of the application of a zoning regulation to a particular piece of property, each case stands on its own facts or merits. In this respect, the zoning board of appeals, review, or adjustment is clothed with a discretionary power. Indeed, in some cases, the view has apparently been taken that the provision for varying the application of zoning regulations may serve as a means for correcting legislative errors or omissions in zoning. The board is not, however, vested with despotic and arbitrary power in this regard; it is subject to and limited by the conditions and requirements specified in the governing statute or ordinance. It must act intelligently, fairly, and within the domain of reason. In this regard, there are statements to the effect that the power of the board should be sparingly exercised; that it is only in rare instances and under exceptional circumstances that relaxation of the general restrictions ought to be permitted; and that the power granted is only for relief in specific instances, peculiar in their nature. According to some cases, variations of zoning regulations may be permitted only in cases of practical necessity, and for reasons that are substantial, serious, and compelling. Moreover, the proposition that a zoning ordinance or regulation may not be amended, modified, or repealed by action taken in the guise of a variation or special exception finds support in many cases." (58 Am.Jur., Section 198, verbo "Zoning")
It is a well established legal principle that on review of the proceedings and decisions of zoning boards and officers, the Court may inquire into any conduct of the board or officer in rendering a decision which is contrary to law or unauthorized by law; but the court ordinarily will not interfere unless such decision is illegal, arbitrary or unreasonable as a matter of law.
This court has had many occasions to inquire into constitutional questions directed at the zoning ordinance of the City of Shreveport and on several occasions inquired into its constitutionality. Recently in Garrett v. City of Shreveport, La.App., 154 So.2d 272 (2nd Cir., 1963, certiorari denied), we held that the ordinance zoning property within the city and providing a method for changing classifications and specifying conditions under which the ordinance could be amended, furnished adequate guides for uniformity of administration by officials having the duty of enforcement.
The above quoted provisions of the zoning ordinance in question, in the opinion of this court, provide ample safeguards and guides for special exception use, and particularly is this so with respect to the instant situation where a nonconforming use has been granted to a church. Clearly, we think, the ordinance contemplates that in "R-1" residences special consideration should be given to the establishment of religious institutions for the purpose of encouraging a suitable neighborhood environment. This is sanctioned by the ordinance and by the constitutional amendment ratifying the ordinance and authorizing zoning thereunder for certain purposes, including the protecting of certain districts by regulating the intrusion of incompatible land uses. We know of no authority by which a governing body may directly prohibit the establishment of churches, although it is usually held reasonable to impose certain conditions with reference to their use as was done in this instance. The trial court held that in the instant case the conditions imposed by the Board of Appeals and Parish of Caddo have been complied with.
*464 We conclude that the portions of the ordinance attacked contained adequate safeguards, guides and standards to allow regulations by the courts in the event of arbitrary or unreasonable and unlawful exceptions.
Accordingly, the judgment from which appealed will be affirmed at appellants' cost.
Affirmed.
NOTES
[1] Plaintiffs are Hewett M. Reeves, Max L. Edwards, Asa W. Knighton, Patrick J. McGarthy, Frank McGarthy, William A. Nohse, Harold D. Strain, Mrs. Gertrude McFarland and P. A. Dean.

Defendants are North Shreve Baptist Church, Thomas B. Newton (dismissed from suit), The Metroplitan Shreveport Zoning Board of Appeals, the Policy Jury of the Parish of Caddo, State of Louisiana, The Honorable Jack P. F. Gremillion as Attorney General of the State of Louisiana.