**William BOBINCHUCK et al., Appellants,**

**v.**

**James LEVITCH, Appellee.**

Court of Appeals of Kentucky.

June 19, 1964.

Edward S. Bonnie, Louisville, for appellants.

Edward A. Dodd, Louisville, Wm. B. Gess, Lexington, for appellee.

W. R. KNUCKLES, Special Commissioner.

On November 9, 1960, Clarence R. Mitchell, trainer and agent of the appellee herein, entered appellee's horse, "Royal Spy," in the fourth race, a claiming race, at Churchill Downs. On that day the appellants, William Bobinchuck, Thomas Bobinchuck and Mary Bobinchuck, in the manner prescribed by the Kentucky State Racing Commission, submitted through their trainer and agent, Ward Stucker, a claim to the Racing Secretary of Churchill Downs and deposited therewith $4,250, plus $127.50 Kentucky sales tax, for "Royal Spy." The claim was allowed by the Racing Secretary.

Two pertinent provisions of the Rules of the Racing Commission are:

"108. Every person who subscribes to a sweepstakes, enters a horse or in any way participates in any race or racing under these rules, thereby obligates himself to accept these rules upon all questions relating thereto."

"221. Claims are irrevocable. Title to a claimed horse shall be vested in the successful claimant from the time said horse leaves the paddock for the starting post, and said successful claimant shall then become the owner of the horse whether he be alive or dead, sound or unsound, or injured before, during the race, or after it. A claimed

horse shall run in the interest and for the account of the owner from whom claimed."

Some months before the race appellee had caused "Royal Spy" to be placed in the care of a veterinarian, and a high neurotomy had been performed on the horse, severing certain nerves in the upper third of the metacarpus of the right foreleg.

"Royal Spy" ran last in the race, and when he was delivered to appellants' trainer in the paddock, it was ascertained that neurotomies had been performed on him. Consequently, appellants refused to accept him. They filed a complaint with the Stewards of Churchill Downs November 10, 1960. On November 18, 1960, the Stewards entered orders (1) suspending appellee's trainer, Clarence R. Mitchell, (2) refusing entry of "Royal Spy" in any Kentucky race, and (3) directing appellee to return the claiming price to appellants and repossess the horse.

Pursuant to KRS Chapter 230 and § 60 of the Kentucky Racing Commission's rules of racing appellee promptly filed a written protest to the foregoing ruling; and by a letter dated December 3, 1960, the assistant secretary of the Racing Commission notified appellants "that there will be a Commission meeting on Monday, December 19, 1960. The meeting will convene at 11:00 A. M. (E. S. T.), in the Commission office, 1630 North Broadway, Lexington, Kentucky. Placed on the agenda for the above meeting is the Royal Spy case."

On December 29, 1960, the Racing Commission reversed the ruling of the Stewards except for the provision barring "Royal Spy" from further racing in Kentucky. Appellants received copies of this order on January 3, 1961, and did not take an appeal from it.

On May 17, 1961, appellants brought this suit in the Jefferson Circuit Court alleging, in substance, fraud annd breach of warranty, and seeking appropriate relief. A motion to dismiss was sustained for lack of jurisdiction.

Appellants contend that:

1. KRS Chapter 230 limits the power of the State Racing Commission to assessment of fines and the denial, suspension and revocation of licenses.

2. If the legislature has given the Racing Commission the right to determine controversies affecting only the private property rights of individuals, it is an unconstitutional delegation of authority.

3. The letter sent appellants by the Racing Commission on December 3, 1960, did not meet the notice requirements of due process.

■■■ On this appeal from the Jefferson Circuit Court it must first be determined whether the Kentucky Racing Commission had its right properly delegated by the Kentucky Legislature to:

Adopt binding rules controlling claiming races and the obligations purportedly set up thereunder of the owner, as well as the claimer, and to determine and enforce such obligations.

This appeal is predicated upon the Racing Commission's requiring the appellants to pay for and accept "Royal Spy" as their property, which order of the Commission they attempted to circumvent by filing their action in the Jefferson Circuit Court relative to a determination of a property right.

The Kentucky Legislature has created numerous commissions whose duties and purposes are to determine property interests. The courts have long upheld the rights of such commissions to perform the functions created by Statute. KRS 131.110. The Kentucky Department of Revenue in assessing taxes against any person is dealing with a property right by requiring such person to pay taxes, and provision is made for appeals from the Department of Rev-

cnue's rulings to the Kentucky Tax Commission. KRS 131.110. It is further provided by statute that appeals from the orders of the Kentucky Tax Commission are directed to the Franklin Circuit Court concerning any question of law, including adequacy of evidence. KRS 131.120.

The statutes provide that the Public Service Commission may regulate the rates and services of any utility furnishing services to a city. KRS 278.200 and KRS 278.-270. It is also provided that an action may be brought against the Commission in the Franklin Ciircuit Court to vacate or set aside the order of the Commission. KRS 278.410. The Tax Commission, or the Public Service Commission, in assessing taxes, or in requiring the payment of higher or lower utility rates, is dealing with property rights of individuals or corporations. Each commission is granted by statute certain discretionary powers as to what is reasonable, just or sufficient, and may substitute their judgment where they, after hearings, determine that existing conditions are improper.

In creating the Kentucky Racing Commission, the Kentucky Legislature authorized the Commission to make rules and regulations governing horse racing in Kentucky, as well as persons and associations having to do with the conduct of racing meets.

In State Racing Commission v. Latonia Agricultural Ass'n, 136 Ky. 173, 123 S.W. 681, 25 LRA, NS, 905, this court upheld the constitutionality of the State Racing Act under the police powers of the state, and again in Douglas Park Jockey Club v. Talbott, 173 Ky. 685, 191 S.W. 474, [err. dis. 249 U.S. 619, 39 S.Ct. 260, 63 L.Ed. 804], where the Racing Commission placed minimum limits on the size of the purse for races, this court held such regulation to be constitutional and therefore delegable by the legislature to an administrative agency. It is clear then that the power of the Racing Commission is not limited to the granting, refusing or suspension of licenses.

■ Appellants contend that the notice of hearing of the "Royal Spy" case, dated December 3, 1960, was insufficient. It was held in Thomson v. Tafel, 309 Ky. 753, 218 S.W.2d 977, that notice need only be reasonable. Since appellants had no pending motion before the Commission, (having theretofore received a favorable ruling of the Commission), the notice would indicate a hearing pending on behalf of someone else; and the statement that the "Royal Spy" case was on the agenda constituted reasonable notice of the hearing and the subject matter thereof.

■ Appellants' further contention that the proceeding of the Commission was not known to them until January 3, 1961, and that their ten days for appeal therefrom had passed before they could procure a copy of the evidence taken before the Commission is without merit, because sufficient time remained after January 3, 1961, to perfect their appeal by a statement of appeal and an attested copy of the order appealed from. When a practical impossibility, beyond the control of the appellants, prevents filing of the transcript of evidence in time, the appeal may be perfected by filing the transcript later. Bauer v. Alcoholic Beverage Control Board, Ky., 320 S.W.2d 126. In such cases the statute requiring filing of the transcript is directory. Middleton's Adm'x v. Middleton, 297 Ky. 109, 179 S.W.2d 227.

It appearing that:

1. The Kentucky Racing Commission was properly invested by the legislature with authority under the police powers of the state to make and enforce rules for the conduct of horse racing in Kentucky, including claiming races.

2. Appeal was provided for aggrieved parties from such actions of the Commission to the Franklin Circuit Court for review.

3. Appellants received sufficient and timely notice of the pendency of

the Commission's hearing in the "Royal Spy" case, and received notice of the Commission's action in time to perfect an appeal.

4. Appellants entered upon the claiming procedure voluntarily pursuant to the Commission's Rules. Certainly, under such circumstances, the validity of the claim, as well as incidents connected with it, are proper subjects for the Commission's determination.

When an administrative agency acts within its jurisdiction, the court's review is limited to determine whether the agency's action was arbitrary. It may not be said that the action here challenged was arbitrary. Pritchett v. Marshall, Ky., 375 S.W.2d 253.

It is our recommendation that the judgment in this case be affirmed.

The opinion is approved by the court, and the judgment is affirmed.

PALMORE, J., not sitting.