RENDERED:  MAY 6, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0671-MR

RONNIE C. PARKER, D.O.                                                APPELLANT


                        APPEAL FROM JEFFERSON CIRCUIT COURT
v.                      HONORABLE OLU A. STEVENS, JUDGE
                        ACTION NO. 20-CI-002659


KENTUCKY BOARD OF MEDICAL
LICENSURE                                                              APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, DIXON, AND LAMBERT, JUDGES.

DIXON, JUDGE:  Ronnie C. Parker, D.O., appeals from the May 14, 2021, order of the Jefferson Circuit Court affirming the administrative order probating his medical license.  Following a careful review of the record, briefs, and law, we affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

Ronnie C. Parker is a doctor of osteopathy licensed to practice in Kentucky and Ohio. Faced with personal challenges, including a divorce and his child's diagnosis with a rare form of cancer, Dr. Parker drank excessively, which led to two arrests for driving under the influence (DUI). Dr. Parker self-reported these incidents to the Kentucky Physicians Health Foundation (the "Foundation") and entered its two-year abstinence program.

After the Ohio Medical Board (the "Ohio Board") learned of Dr. Parker's DUIs, it required that he participate in its evaluation program. Dr. Parker declined, however, because he was already participating in the Foundation's program. Nevertheless, the Ohio Board issued a "Non-Permanent revocation" of his license for failure to participate in its program.

The discipline against Dr. Parker's Ohio license triggered an investigation by the Kentucky Board of Medical Licensure (KBML). In accord with 201 KAR[1] 9:081, Section 9(4)(c)(1),[2] which required action against a Kentucky license when action against a license from another state was taken, the KBML filed its own complaint against Dr. Parker. The KBML then moved for

---

[1] Kentucky Administrative Regulations.

[2] This section was amended and is now 201 KAR 9:081, Section 9(2)(c).

"Summary Disposition" pursuant to 201 KAR 9:081, Section 9(6).[3]  After the

hearing officer entered his findings of facts, conclusions of law, and order, both Dr.

Parker and the KBML filed exceptions.  Ultimately, the KBML entered an order

probating Dr. Parker's license for five years.

Dr. Parker petitioned the Jefferson Circuit Court for review of the

KBML's probation order.  After the matter was fully briefed and submitted for

final adjudication, the Jefferson Circuit Court entered its order affirming the

KBML's order of probation against Dr. Parker's license.  This appeal followed.

**STANDARD OF REVIEW**

Concerning a court's review of the decision of an administrative

agency – here, the KBML – it is well-settled that:

> [t]he basic scope of judicial review of an administrative
> decision is limited to a determination of whether the
> agency's action was arbitrary.  *Bobinchuck v. Levitch*,
> [380 S.W.2d 233 (Ky. 1964).]  If an administrative
> agency's findings of fact are supported by substantial
> evidence of probative value, they must be accepted as
> binding and **it must then be determined whether or not
> the agency has applied the correct rule of law to the
> facts so found**.  [*Kentucky Unemployment Ins. Comm'n
> v. Landmark Cmty. Newspapers of Kentucky, Inc.*, 91
> S.W.3d 575 (Ky. 2002).]  **The Court of Appeals is
> authorized to review issues of law involving an
> administrative agency decision on a *de novo* basis**.
> [*Aubrey v. Office of the Att'y Gen.*, 994 S.W.2d 516 (Ky.
> App. 1998).]  **In particular, an interpretation of a**

---

[3]  This section was amended and is now 201 KAR 9:081, Section 9(2)(e).

> **statute is a question of law and a reviewing court is not bound by the agency's interpretation of that statute**. *Halls Hardwood Floor Co. v. Stapleton*, [16 S.W.3d 327 (Ky. App. 2000).]

*Liquor Outlet, LLC v. Alcoholic Beverage Control Bd.*, 141 S.W.3d 378, 381 (Ky. App. 2004) (emphases added).

## ANALYSIS

On appeal, Dr. Parker argues the KBML failed to comply with KRS[4] 13B.090(7), which states, in pertinent part, "[t]he agency has the burden to show the propriety of a penalty imposed[.]" Dr. Parker asserts that this requires the KBML to first name the penalty that it seeks to impose; however, that exact line of argument was dispelled in *Kentucky Board of Medical Licensure v. Strauss*, 558 S.W.3d 443 (Ky. 2018).

In *Strauss*, the hearing officer recommended that the KBML find Dr. Strauss "guilty of the statutory violations set forth [] from the . . . Complaint and take any appropriate action against his license." *Id.* at 451. Similarly, herein, the hearing officer recommended that the KBML "determine that the licensee, [Dr. Parker], violated the provisions of KRS 311.595(17) . . . [and] take any appropriate action against his license."

In *Strauss*, the Supreme Court of Kentucky held:

---

[4] Kentucky Revised Statutes.

-4-

**although minimal, this language does in fact recommend a penalty, albeit of unspecified nature**. As noted, KRS 311.591 gives the Board, acting through the hearing panel, three options when acting on a complaint, two of which apply if violations are found. The first of those two options, KRS 311.591(7)(b), is to find a violation but "not impose discipline because the panel does not believe discipline to be necessary under the circumstances[.]" **The hearing officer in Strauss's case clearly recommended that discipline be imposed "against his license," KRS 311.591(7)(c), leaving to the hearing panel what was appropriate in the circumstances**. So, at some level, the hearing officer did recommend a penalty (some action should be taken against Strauss's medical license) but he did not do what Strauss insists he is required to do – recommend a specific penalty.

. . . .

KRS 13B.110(1) requires a hearing officer to include in his or her recommended order "findings of fact, conclusion[s] of law, and recommended disposition of the hearing, including recommended penalties, if any."

. . . .

As noted, if the legislature wanted to make penalty recommendations mandatory, it would simply have omitted "if any."

. . . .

**In sum, a hearing officer's recommended order must recommend a disposition of the administrative matter, but it need not recommend a penalty**. The hearing officer in this case did not err in recommending that the Board "take any appropriate action against [Strauss's] license for those violations" reflected in his Recommended Order.

558 S.W.3d at 451-53 (emphases added). Likewise, the hearing officer here did not err in recommending a disposition without recommending a penalty. Furthermore, as in *Strauss*, the hearing officer herein, "[a]fter detailing the evidence supporting his factual findings . . . concluded that the [KBML] had met its burden to prove violations of KRS Chapter 311 by a preponderance of the evidence. KRS 13B.090(7)." 558 S.W.3d at 446.

Dr. Parker next contends 201 KAR 9:081, Section 9(4)(c), is unconstitutional and illegal. The provisions of KRS 418.075 require the Attorney General to be notified of any constitutional challenge to a statute. Dr. Parker fails to specify how and when the Attorney General was notified of his constitutional challenge. Moreover, in reviewing the record, we do not see that either the complaint or the notice of appeal was served on the Attorney General. Compliance with KRS 418.075 is mandatory; appellate courts demand strict compliance with its provisions. *A.H. v. Louisville Metro Gov't*, 612 S.W.3d 902 (Ky. 2020). Thus, our review of the statute's constitutionality is prohibited. *Id.*

Nevertheless, we may still address whether 201 KAR 9:081, Section 9(4)(c), was otherwise illegal. Our court analyzed this section prior to its amendment, holding:

> Our review of the statutory and case law convinces us that 201 KAR 9:081 § 9(4)(c) **invalidly exceeds the grant of authority set forth in KRS 311.595(17) in that**

**the regulation requires KBML to mandatorily impose the same substantive sanction imposed in another state, while the statutory language is permissive and therefore grants discretion to KBML**.  If such sanctions are to be mandatorily applied, it is within the province of the General Assembly to amend KRS 311.595(17) to make that the law in the Commonwealth.  But until then, **the portion of the regulation requiring KBML to impose the same sanction is invalid and unenforceable**.  Based upon this holding, we need not address the other issues Uradu raised in her brief, although we note that generally we find no issue with the summary disposition procedure if used in the appropriate case.

*Uradu v. Kentucky Bd. of Med. Licensure*, No. 2018-CA-000097-MR, 2019 WL 847696, at *5 (Ky. App. Feb. 22, 2019) (emphases added).[5]

The hearing officer herein examined the effect of *Uradu* on the KBML and determined that the KBML "must independently determine the sanction that should be imposed for this violation" – which is exactly what happened.  Dr. Parker was allowed to file a written response to the KBML's petition and was further afforded a hearing at which he testified and was permitted to proffer evidence.  He was also later allowed the opportunity to – and did – file exceptions.  The KBML took these into consideration prior to entering its order probating Dr. Parker's license.

---

[5]  This unpublished opinion is cited pursuant to Kentucky Rule of Civil Procedure 76.28(4)(c) as illustrative of the issue before us and not as binding authority.  However, as it was considered by the hearing officer in his order, it was binding on the KBML, as noted by the officer in his findings of fact, conclusions of law, and recommended order.

The KBML's order of probation, unlike the Ohio Board's order which *revoked* Dr. Parker's license without indicating if or when it would be reinstated, was for a period not to exceed five years. Thus, any illegality of former 201 KAR 9:081, Section 9(4)(c) – which required the KBML "at a minimum" to "impose the same substantive sanctions" – did not taint the process or outcome of the KBML's investigation or action against Dr. Parker's license. Accordingly, we must affirm.

## CONCLUSION

Therefore, and for the foregoing reasons, the order entered by the Jefferson Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

J. Fox DeMoisey
Louisville, Kentucky

BRIEF FOR APPELLEE:

Leanne K. Diakov
Louisville, Kentucky